## MAX LEVY, APPELLANT, v. PUBLIC SERVICE RAILWAY COMPANY, RESPONDENT.

Submitted July 5, 1917—Decided March 4, 1918.

A suit for damages for personal injuries having been settled by the payment of $30 by the defendant to the plaintiff, the court awarded to the attorney of the plaintiff the sum of $100 against the defendant under the provisions of the Attorney's Lien act of 1914 (*Pamph. L., p.* 410). *Held,* that a judgment for an attorney's compensation, given against the party with whom his client has settled, for a sum that is in excess of the total sum of such settlement is without support from such statute; *and further,* that such compensation cannot be determined in a summary proceeding.

On error to the Supreme Court.

For the appellant, *Max Levy, pro se.*

For the respondent, *Lefferts S. Hoffman* and *Leonard J. Tynan.*

The opinion of the court was delivered by

GARRISON, J. This is a proceeding under the Attorney's Lien act of 1914 (*Pamph. L., p.* 410), which is as follows:

"After the service of a summons and complaint in any action at law, or the filing of a bill of complaint or petition in the Court of Chancery, or the service of an answer containing a counter-claim in any action at law, the attorney, solicitor or counsellor at law who shall appear in said cause for such party instituting the action at law, or suit, or filing the petition, or counter-claim, shall have a lien for compensation, upon his client's cause of action, suit, claim or counter-claim, which shall contain and attach to a verdict, report, decision, decree, award, judgment or final order in his client's favor, and the proceeds thereof in whosoever hands they may come; and the lien shall not be affected by any settlement between the parties before or after judgment or final order or

decree. The court in which such action, suit or other pro-
ceeding is pending, upon the petition of the attorney, solicitor
or counsellor-at-law, may determine and enforce the lien."

The appellant, an attorney-at-law, brought an action for
his client in the District Court for damages for personal in-
juries which was settled by the parties themselves by the pay-
ment of $30 by the defendant to the plaintiff, and
the giving of a general release by the plaintiff to the de-
fendant. Thereupon, the attorney petitioned the District
Court that he be awarded for his services to the plaintiff a
sum of not less than one hundred dollars against the de-
fendant, upon which petition, after a hearing, the District
Court adjudged, "That said Max Levy, plaintiff, recover
against said Public Service Railway Company, defendant,. the
sum of $100."

This judgment was vacated by the Supreme Court in
*certiorari* upon grounds that are thus stated in its *per curiam*
memorandum: "We do not find it necessary to determine
the correctness of the procedure here, for, conceding its cor-
rectness we find no warrant for the trial court's trying the
original case against the defendant in the absence of the
client, and awarding to the attorney as a fee over three times
the amount his principal received upon the settlement, in
the face of a written contract between the two which limited
the attorney's claim to one-half of the settlement."

The Supreme Court evidently misapprehended the facts of
the case, for, in the first place, the attorney did not try his
client's case against the defendant but only the existence of
a cause of action in his client and the reasonable value of
his services in the prosecution thereof; and, in the second
place, there was no contract between the attorney and his
client that limited the attorney's claim to one-half of a settle-
ment made by the client; the contract permitted the attor-
ney to retain fifty per. cent. of "all moneys received by him
by way of settlement," but was silent as to a settlement made
by the client. The attorney has throughout consistently and
correctly contended that the percentage contract was not in-
volved in any aspect of the present proceeding.

While we cannot concur in the grounds upon which the Supreme Court based its judgment, we think that the judgment itself should be affirmed upon the ground, among others, that the statute does not authorize the enforcing of an attorney's lien for a sum in excess of the total value of the claim that is made the subject of such lien.

The statute, it will be observed, does not take away the right of parties to settle their litigations, neither does it alter the conclusive effect of such a settlement when honestly made. The value of the client's claim was, therefore, as effectually liquidated at $30 by the executed settlement as if his suit had been on a due bill for that amount; and surely no one would contend that if such a suit was settled by the payment of $30 to the plaintiff, his attorney could recover $100 additional as the value of his lien on such $30 claim.

A lien, being in its essence a right to retain something, the notion that it can be more extensive than the thing that is to be retained belongs to a topsy-turvy world where streams rise higher than their sources and a part is greater than the whole.

Technically considered the situation is this: The statute of 1914 creates a new remedy for the enforcement of an old right. The new remedy is the lien given by the statute upon the client's cause of action, suit, claim or counter-claim, and any verdict, report, decision, decree, award, judgment or final order and the proceeds thereof.

In the present case the only things thus enumerated to which the lien attaches are the client's "cause of action, suit and claim." Subject to the attorney's lien these choses are the property of the client to deal with as he will, provided he be guilty of no fraud.

Among other things he may determine his cause of action, and liquidate his claim by a settlement with his adversary. This does not unhorse the attorney's lien for compensation. What it does is to place a maximum valuation upon the subject of the lien beyond which the remedy given by this statute does not purport to go. Whenever, therefore, a judg-

ment for the attorney's compensation is given against the party with whom the client has settled for a sum that is in excess of the total sum of such settlement, such judgment is necessarily without support from the statute.

There is, however, another and more fundamental error in the judgment of the District Court in that it rests upon a summary determination of the amount of the compensation to which the plaintiff's attorney was adjudged to be entitled as the value of the services rendered by him to his client. Such determination is necessarily based upon the nature, extent and value of such services, all of which are jury questions, especially when they arise between parties between whom the relation of attorney and client does not exist. The statute may or may not give to the plaintiff's attorney a right of action against a defendant who has settled with the plaintiff, to be worked out upon the basis of his services to his client, but the language of the statute will be searched in vain for any expression of a legislative intent that the value of such services shall be determined in a summary proceeding. This being so, a decision that such a provision, if it existed, would violate the constitutional conservation of trial by jury would be clearly *obiter*.

Upon the foregoing grounds, without regard to any other question, however fundamental, the judgment of the Supreme Court reversing the judgment of the District Court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ.    12.

*For reversal*—None.