JOSEPH FERRARO, RESPONDENT, v. CITY HALL GARAGE, APPELLANT.

Submitted December 10, 1919—Decided March 1, 1920.

1. In enacting the Attorneys' Lien act (*Pamph. L.* 1914, *p.* 410) the legislature was the sole arbitrator of what the state policy in such matters shall be, and its decision in this respect, as expressed by the statute, is not open to be impugned on the ground that such an act is against public policy.

2. By force of the Attorneys' Lien act (*Pamph. L.* 1914, *p.* 410) the plaintiff's attorney, after action is commenced, becomes a party in interest in the litigation and this interest cannot be successfully ignored by the litigants. Any payment made by a defendant to a plaintiff in a pending cause of action without the consent of the latter's attorney, is made at the defendant's peril.

3. An attorney, who acquires a lien on his client's cause of action by virtue of the Attorneys' Lien act is not obliged to exhaust his remedies to recover his fees from his client before proceeding against the defendant in the suit.

On appeal from the Passaic County Circuit Court.

For the appellant, *Clifford L. Newman.*

For the respondent, *John O. Benson* and *W. LeRoy Rogers.*

The opinion of the court was delivered by

KALISCH, J. The legal question raised by the facts in this case is whether, under the Attorneys' Lien act of 1914 (*Pamph. L., p.* 410), the lien of the attorney upon his client's cause of action, suit, &c., where the action has been settled between the litigants without the consent of such attorney, at any stage of the cause, may be primarily enforced against the defendant litigant.

The trial judge, in the present case, after a hearing upon a petition filed by the plaintiff's attorney in conformity to the lien act, gave judgment for $250 against the defendant.

The appellant's counsel argues for a reversal of the judgment, first, that there was nothing under the statute to which the lien might attach.

It is true that there was not anything tangible upon which to impress the lien, but the statute does not require that there shall be. *Levy* v. *Public Service Railway Co.,* 91 N. J. L. 183, 185, where the statute is set out in full.

The plain meaning of the act is, that the attorney shall have a lien on his client's cause of action, and that a settlement of it by the client without his attorney's consent shall not have the legal effect to extinguish the cause of action but shall leave it open to the extent that the attorney may proceed to collect against the defendant whatever sum, after a judicial inquiry and hearing, shall be found to be fair and reasonable.

Counsel of appellant attacks the validity of the statute upon two grounds, first, that it is against public policy; secondly, that it is violative of the fourteenth amendment of the federal constitution. Neither of these contentions is sound. The legislature was the sole arbitrator of what the state policy in such matters shall be. Its decision in this re-

spect, as expressed by the statute, is not open to be impugned. Unless the statute is in conflict with some constitutional provision it cannot be successfully assailed. Counsel of appellant, in his brief, says, that the act is unconstitutional in that it violates the "due process" clause of the federal constitution, since the statute operates to deprive a defendant of his property, that is, his ability to settle his law suit with the plaintiff, and provides no means by which it may be judicially settled even though the litigants agree upon the settlement. But this is clearly not so. The statute does not prevent the litigants from settling their difficulties between themselves. They are at liberty to do so if they see fit. But when litigants undertake to settle their matters in dispute they must take notice that as their controversy has been made the subject of judicial inquiry and action and that any lien or right which has accrued thereby to the plaintiff's attorney, by the statute, cannot be defeated by their action.

By force of the statute the plaintiff's attorney after action is commenced becomes a party in interest in the litigation. This interest cannot be successfully ignored by the litigants. Any payment, therefore, made by a defendant to a plaintiff in a pending cause of action without the consent of the latter's attorney, is made at the defendant's peril.

Lastly, it is urged on behalf of appellant that the judgment was erroneously given against the defendant alone.

The argument advanced in support of this contention is, that the plaintiff was primarily liable to pay his lawyer his fee, and that the latter might have instituted an action against his client without attempting to enforce the lien, and that defendant was only liable in case the plaintiff was not responsible.

To adopt this view would eliminate from the statute the protection which the legislature clearly intended to afford an attorney against being deprived of his fee, where he has brought an action or suit for a plaintiff, which action or suit was settled between the parties without such attorney's consent. The defendant was in no need of any protection.

He is in a position to protect himself, for the fund proceeds from him with which the settlement is made. The defendant has his choice whether to pay the fund over to the plaintiff's lawyer so as to give the lawyer an opportunity to get his fee, or the defendant may withhold the fund or such part thereof as will be sufficient to pay the attorney's fee, or he may refuse payment altogether until the plaintiff obtains the consent of his lawyer to the settlement. The statute never contemplated that a defendant should be permitted to evade the clear legislative purpose expressed therein, by permitting a defendant to pay over a fund in settlement of a cause of action to the plaintiff, and require a plaintiff's attorney to first sue his faithless client, who may or may not be a responsible person, for a recovery of his fee, before calling upon the defendant alone to account. To take any other view would defeat the purpose which called the statute into being.

Keeping in mind that the statute is for the benefit of the attorney who brings a suit or cause of action which is settled without his consent, it follows that the legal situation in which the settlement leaves the defendant or plaintiff is of no concern.

Judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 15.

*For reversal*—None.