SANDERS A. WERTHEIM, PLAINTIFF, v. BURNS BROTHERS, A NEW JERSEY CORPORATION, DEFENDANT.

Decided August 21, 1934.

Before Justice PERSKIE, in chambers, pursuant to statute.

For the petitioner Michael Sokol, *Schotland & Schotland.*

For the defendant, Burns Brothers, *Applegate, Stevens, Foster & Reussille.*

PERSKIE, J. Chapter 201 (*Pamph. L.* 1914, *p.* 410), *inter alia,* provides: "After the service of a summons and complaint * * * the attorney * * * who shall appear in

said cause for such party instituting the action of law * * * shall have a lien for compensation upon his client's cause of action, suit, claim or counter-claim, which shall contain and attach to a verdict, report, decision, decree, award, judgment or final order in his client's favor, and the proceeds thereof in whosoever hands they may come; and the lien shall not be affected by any settlement between the parties before or after judgment or final order or decree. The court in which such action, suit or other proceeding is pending, upon the petition of the attorney, solicitor or counselor-at-law, may determine and enforce the lien."

This matter comes before me on the return of a rule to show cause on the petition of Michael Sokol, an attorney-at-law of this state, why an attorney's lien should not be determinued in accordance with the aforesaid act. The facts are not in serious dispute and are substantially as follows: Sokol instituted a suit, on July 13th, 1932, in the Supreme Court of this state (Monmouth county), in behalf of plaintiff and against the defendant for the sum of $663,203.93 for unpaid salaries as president and general manager of the defendant corporation and for moneys advanced to and in behalf of the defendant. Sokol's compensation was to be a reasonable percentage of the amount proved to be owing by defendant to plaintiff. (No point is made on this score, *i. e.*, as to basis of compensation.) A demand for a bill of particulars was made for the defendant and it was supplied. After defendant filed its answer application was made to strike a part of it which related to a portion of the claim, namely, $140,492.02. Hearing on the motion was continued from time to time. Apparently before this motion was disposed of petitioner ascertained that plaintiff had signed an arbitration agreement in October of 1932. This agreement among other things, it is said, provided that the subject-matter of the pending suit, together with claims which the defendant and other corporations made against plaintiff in the State of New York, should be submitted to arbitration and the award was to become a judgment of the Supreme Court of New York;

that plaintiff was to discontinue the pending suit in New Jersey. Petitioner, on failure to satisfactorily provide for his compensation in the premises, refused to discontinue the pending suit. The arbitration in New York, commenced in December of 1933, still remains open.

Is the petitioner, under these circumstances, entitled to enforce his attorney's lien?

Ordinarily the submission to arbitration of the subject-matter of a pending suit furnishes a ground for the discontinuance of the suit, where there is no stipulation to the contrary in the arbitration agreement. See *Hazen* v. *Addie,* 14 *N. J. L.* 333. To like effect are the cases collated in the footnote in 42 *A. L. R.* 729. In other words that an agreement to submit to arbitration, in the absence of a contrary provision, is tantamount to a discontinuance of the action.

Defendant agrees that the petitioner has a good and absolute lien on his client's cause of action and further agrees that the lien may attach even if there is nothing tangible upon which to impress the lien. Rightly so. *Levy* v. *Public Service Railway Co.,* 91 *N. J. L.* 183, 185; 103 *Atl. Rep.* 171; *Ferraro* v. *City Hall Garage Co.,* 94 *N. J. L.* 209, 210; 109 *Atl. Rep.* 358. But it stoutly urges, in substance, that this application is premature; that the ultimate lien must attach to a verdict or award in favor of the plaintiff before the petitioner can look to the defendant for relief. This is not so. The question presently before the court for decision is whether it shall set in motion the legal machinery provided by the act for the proper determination and enforcement of the attorney's lien for compensation upon his client's cause of action.

Mr. Justice Garrison, for the Court of Errors and Appeals, in the case of *Levy* v. *Public Service Railway Co., supra* (at *p.* 185), held.

"Technically considered the situation is this: The statute of 1914 creates a new remedy for the enforcement of an old right. The new remedy is the lien given by the statute upon the client's cause of action, suit, claim or counter-claim, *and*

*any verdict, report, decision, decree, award, judgment or final order and the proceeds thereof."* (Italics mine.)

The attorney's lien, if any, is given under the statute upon the client's cause of action, &c., *and upon any verdict or award, &c.*

This application seeks to enforce the lien on the client's cause of action and it is no legal answer, to the present application, to say that there has as yet been no award or judgment under the arbitration in favor of the plaintiff to which the lien may attach and for which the defendant may or may not be liable.

Our Court of Errors and Appeals, *in Ferraro v. City Hall Garage Co., supra,* has definitely construed and characterized the statute in question. Mr. Justice Kalisch for the court held (at *p. 212*) :

"Keeping in mind that the statute is for the benefit of the attorney who brings a suit or cause of action which is settled without his consent, it follows that the legal situation in which the settlement leaves the defendant or plaintiff is of no concern."

The submission to arbitration, the provision thereof to discontinue the pending case, without the knowledge of petitioner, all tend to indicate that the attorney was about to be deprived of his rights, *i. e.,* of determining and enforcing his lien on his client's cause of action, as provided by the legislative enactment aforesaid. He seeks the aid of this court to preserve these rights. He is entitled to it. He shall have it. The rule to show cause is allowed with costs, and petitioner may proceed accordingly.