FRED H. ALBEE, PLAINTIFF, v. JOSEPH KING AND IDA KING, INDIVIDUALLY AND AS NEXT FRIENDS OF RUTH KING, AN INFANT, OZER ARBITBLIT, AND ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, LTD., DEFENDANTS.

Decided June 30, 1939.

For the plaintiff, *N. Louis Paladeau.*

For the defendant Zurich General Accident and Liability Insurance Co., Ltd., *George F. Lahey.*

OLIPHANT, S. C. C. This matter is before the court for determination upon an agreed state of facts and a stipulation that it be heard by the court without a jury, upon argument had and briefs submitted.

The suit is brought to recover for medical services performed in the State of New York for the defendant Ruth King by the plaintiff Fred H. Albee, under chapter 109, *Pamph. L.* 1934.

The pertinent facts are as follows: Plaintiff is a licensed physician of the States of New Jersey and New York. The defendant Zurich General Accident and Liability Insurance Co., Ltd., was the insurer of the defendant Ozer Arbitblit against loss from liability imposed by law for any damages arising out of bodily injuries suffered by any person by reason of the control over and the maintenance of an apartment house known as 120 West Twenty-eighth street, Bayonne, New Jersey. On or about November 30th, 1932, Ruth King, through her father and mother as next friends, instituted suit against the defendant Arbitbilt to recover damages sustained as the result of the negligence of that defendant. That

suit resulted in the entering of a judgment in favor of Ruth King in the sum of $7,000. Subsequent to the entering of the aforesaid judgment, the defendant Zurich General Accident and Liability Insurance Co., Ltd., adjusted and settled the aforesaid judgment for the sum of $3,000 and paid same to the defendants Joseph King and Ida King, as next friends of Ruth King. Plaintiff rendered medical and surgical treatments to the defendant Ruth King in the city of New York between April 27th, 1932, and June 28th, 1934. The defendant does not contest the reasonableness, factually, of the charges amounting to $1,470, but denies the validity of the claim therefor under the statute.

On July 28th, 1934, plaintiff filed with the clerk of the county of Hudson, a notice as contemplated by the statute and on the same day sent a copy of the said notice to the defendants. On November 23d, 1934, the Hudson County Medical Society filed a schedule of charges under the Physicians' Lien law, with the Court of Common Pleas of the county of Hudson. Notice of public hearing was published as provided under the statute but said hearing was never held.

The plaintiff has been paid $200 on account of his bill for medical services rendered Ruth King by the parents of the injured girl.

Numerous defenses are raised to the action. I am of the opinion that only one need be considered.

The act upon which the suit is predicated was approved April 30th, 1934. It provided that it take effect immediately. It can be assumed that the contract of employment for the services rendered by the plaintiff to the defendant Ruth King was made previous to or at the time of the first treatment, namely, April 27th, 1932. The services rendered by the plaintiff for which the alleged lien was filed were practically all rendered before April 30th, 1934. The second separate defense sets forth that "the statute not being retroactive or retrospective, the complaint does not set forth a cause of action as to the charges for said alleged services."

Counsel have been unable to furnish me and I have been unable to discover any cases dealing directly with this question in reference to a Physicians' Lien act. Counsel for the plaintiff contends that the Attorney's Lien acts are analogous

to the one in question here. I agree with that proposition to a certain extent, but there is one fundamental difference. An attorney at common law had a lien on moneys recovered through his efforts. It was a right, though called a lien. The Attorney's Lien acts were therefore remedial in nature. As said by Vice-Chancellor Berry in *St. John The Baptist Church* v. *Gengor et al.,* 124 *N. J. Eq.* 449; 2 *Atl. Rep.* (*2d*) ·337: "Fundamentally, the statute in no sense affects the obligation of contracts, nor does it contravene any right guaranteed by state or national constitution. What it does is to affect the means of enforcing certain rights. The attorneys had a *right* to be paid for the services they had rendered. Of that there can be no question. The statute, then, is remedial in nature. It merely created a new remedy for the enforcement of an old right." The Court of Errors and Appeals in *Levy* v. *Public Service Railway Co.,* 98 *Atl. Rep.* 847; *affirmed,* 91 *N. J. L.* 183; 103 *Atl. Rep.* 171, in a suit brought under the provisions of the Attorney's Lien act of 1914 said that the statute created a new remedy for the enforcement of an old right. ·

The physician had no lien at common law; he had no *right* to payment for his services. At common law and before the enactment of the statute in question, the physician stood in the same position as any other creditor; he had no lien or right to payment out of the proceeds of any particular action brought by his patient or debtor.

A lien such as sought to be given by chapter 109, laws of 1934, is in effect an assignment of an interest in any judgment rendered or settlement made on account of personal injuries sustained in an accident as the result of the negligence of another. It creates a substantial right in favor of the physician. It divests the patient of substantive rights he theretofore had. There having been no previous right or lien, the statute is not remedial in nature. This being so, it cannot have a retrospective operation. If it were held that the act was retroactive it would create a new contract between the physician and patient. Clearly, such a construction would affect the obligation of contracts and contravene rights guaranteed by the state and national constitutions.

Judgment will be entered in favor of the defendants.