This appeal is from an order of the Hudson County Court of Common Pleas, denying the petition of Raymond Chasan for the fixing and determining of an attorney's lien against the defendant, Mary Kolb, or upon her property. The essential facts are that one I. Charles Wilson in April 1946 retained petitioner to bring suit against the defendant to recover the sum of $7,500. The retainer signed by the plaintiff provided for the payment to petitioner of a percentage of the amount recovered and a further provision that the plaintiff would not settle or extinguish his claim nor substitute any other attorney for petitioner without his consent first had in writing. Petitioner started an attachment suit in the Hudson County Court of Common Pleas and certain property of defendant was levied upon. Subsequently the Court of Common Pleas quashed the levies. Petitioner applied for and was allowed, on March 22, 1947, a writ of certiorari to review the aforesaid order. On March 25, 1947 plaintiff wrote petitioner instructing him to withdraw the suit against the defendant, and requesting him to send a bill. Some time thereafter the certiorari proceedings were discontinued as was the civil action between the plaintiff and defendant. The petitioner then filed a petition under the provisions of R.S.
2:20-7 to establish his lien upon the cause of action of Wilsonv. Kolb in the Hudson County Court of Common Pleas and against the plaintiff and defendant therein, and to have the amount of his lien determined by the court.
It is argued that the court erred in holding that there was no proof of a fraudulent and collusive scheme to deprive petitioner of his lien by a discontinuance of the action. Collusion and fraud are not presumed but must be proved. The testimony before the Pleas falls far short of proving a case *Page 68 
of fraud and collusion. It is next argued that the court erred in concluding that, if the action was discontinued for no valuable consideration, the asserted lien, in the absence of fraud, has no value. The petitioner's right to a lien arises out of the statute, which, so far as applicable, reads: "After the service of a summons and complaint in any action at law, * * * the attorney, * * * who shall appear in the cause for the party instituting the action at law, * * * shall have a lien for compensation, upon his client's cause of action, suit, claim or counterclaim, which shall contain and attach to a verdict, report, decision, decree, award, judgment or final order in his client's favor, and the proceeds thereof in whosesoever hands they may come. The lien shall not be affected by any settlement between the parties before or after judgment or final order or decree." The question would seem to arise whether after discontinuance, and in the absence of a settlement or fraud, there exists a cause of action, suit, claim or counterclaim to which a lien may attach. The right to the lien is predicated upon the existence of a cause of action, suit, claim or counterclaim. With the filing of the discontinuance, and in the absence of a settlement or fraud, the cause of action, in the sense of a judicial proceeding, ceased to exist. As pointed out in Levy v.Public Service Railway Co., 91 N.J.L. 183 (E. A. 1917) "the statute, * * * does not take away the right of parties to settle their litigations, neither does it alter the conclusive effect of such a settlement when honestly made." Here there was a discontinuance and not a settlement but we discern nothing in that fact to deprive the parties of the right to terminate the action.
In view of our disposition of this point, it becomes unnecessary to deal with the remaining points argued.
The order under review is affirmed. *Page 69