RAYMOND CHASAN, PETITIONER-APPELLANT, v. MARY KOLB, DEFENDANT-RESPONDENT.

Argued April 18, 1949—Decided May 16, 1949.

*Mr. Maurice C. Brigadier* argued the cause for the petitioner-appellant.

*Mr. Murray Greiman* argued the cause for the defendant-respondent.

The opinion of the court was delivered by

CASE, J.   The proceeding is on a petition in the Hudson County Court of Common Pleas to establish and enforce the lien of the petitioner as an attorney and counselor-at-law against both I. Charles Wilson, who was the petitioner's client,

and Mary Kolb, who was the adversary·party in a proceeding at law. Wilson had engaged Chasan to institute suit against Kolb to recover the sum of $7,500 said to be due him on the dissolution of a partnership. He agreed in writing to pay Chasan forty *per centum* of any amount recovered, whether by suit, settlement or otherwise, and not to settle or extinguish the claim or to substitute any other attorney without Chasan's consent first had in writing. He later increased the rate of compensation to fifty *per centum* of the amount recovered. Chasan thereupon instituted an action in attachment against Kolb, charging her with having fraudulently received $7,500 of Wilson's funds and with intending from the outset to misappropriate the said moneys, to retain them to her own use and to refuse to deliver said funds or any part thereof to Wilson. The affidavit in attachment further charged that Kolb was absconding from her creditors and was trying to remove her property from the state with intent to defraud. Levy was made upon Kolb's assets to a total value of about $12,000. Kolb entered a general appearance. Wilson then filed a complaint which set up an indebtedness but did not allege fraud. The court thereupon expressed the opinion that the fraud and other grounds averred in the affidavit upon which the writ issued did not in fact exist, denounced what was termed a perversion of the procedure in attachment, vacated the levy and directed that the writ of attachment be continued "to serve the purpose of a summons and no other." The parties were then in court as on a complaint filed and summons served.

While the controversy was pending, Wilson, on March 24, 1947, directed Chasan to discontinue the suit and to send his bill for services. Chasan did not comply with that instruction but filed the petition herein and caused a rule to issue directing Wilson and Kolb to show cause why an order should not be made thereon in his favor. Wilson, whether or not served, has not appeared in this suit for the enforcement of attorney's lien and is not before us. Kolb answered, and the matter as to her went, by consent, to trial by the court without a jury.

The hearing developed into an effort by petitioner to recover as on a *quantum meruit* for services said to be of the value of $2,500. Mrs. Kolb testified, without contradiction, that the $7,500, subject matter of the attachment proceeding, was her property and that it became hers in this manner: Wilson had an opportunity, in 1944, to enter into a business partnership but did not have the necessary money. Kolb put $1,000 into the venture on his behalf and on his undertaking, known in advance to his partners, that of his share of the profits one-half would belong to her. The venture was profitable while it lasted and was dissolved under an agreement in writing, an exhibit in the case, made between the partners, I. Charles Wilson, William F. Bing and Milton Mandel, whereby Wilson assigned to the others all of his interest in the business for the sum of $15,000 to be paid in designated installments, one half to Wilson and one half to Kolb. The money was paid accordingly, Wilson's share to him and Kolb's share to her. Wilson's suit was to recover the money so paid to Kolb. Kolb further testified, without contradiction, that there was no consideration paid by her for the discontinuance of the suit.

The trial court found that the action should have been instituted by summons and complaint, that practically all of petitioner's labors had been expended in superfluous activities which, at the end, resulted in no progress toward a determination of whether or not plaintiff had a good cause of action against the defendant and that the petitioner had not sustained the burden of proving that the defendant promised to pay plaintiff any consideration for the discontinuance of the action or that there was a fraudulent and collusive scheme to deprive him of his fees. The judgment denied the prayers of the petition and discharged the rule to show cause and was, on appeal, affirmed by the Superior Court, Appellate Division.

The fundamental fault of appellant's case is that it was an effort to fasten an attorney's lien upon a cause of action that had no substance and was discontinued without payment of consideration. The argument of the appellant

may be sifted .to the proposition that even if Wilson's claim against Kolb was invalid and the suit was discontinued by the plaintiff without payment of consideration by or on behalf of Kolb nevertheless the attorney, because the statute gave him a lien on the proceeds, could insist that the issue of liability *vel non* of the defendant to the plaintiff be actually tried out in that action. That proposition leads, in our opinion, to a speculative abuse of the court's process and is without support in sound legal procedure. The theory of the attorney's lien may not be carried to the length of encumbering the assets or the movements of an adversary party where it is clear that the alleged claim is without foundation in fact. "A lien, being in its essence a right to retain something, the notion that it can be more extensive than the thing that is to be retained belongs to a topsy-turvy world 'where streams rise higher than their sources and a part is greater than the whole." *Levy* v. *Public Service Railway Co.,* 91 *N. J. L.* 183 (*E. & A.* 1917). It is in proof, without dispute, that Kolb owed no money to Wilson, that she paid or promised nothing as consideration for the discontinuance and that she had not conspired with Wilson to defraud Chasan of his fee; that much negatively; and, affirmatively, that she became possessed of the $7,500 in her own right by a legitimate business transaction. All of that testimony was admitted against the objection of the petitioner upon the stated ground that it was immaterial to the present inquiry whether or not Kolb had owed the alleged debt to Wilson and that the testimony was incompetent, irrelevant and immaterial; and the admission is now presented as error. The subject matter of that testimony was in issue and the admission was proper.

It is further said that it was not necessary for the petitioner to establish that his client, as plaintiff, had a good cause of action against the defendant before the petitioner could effectively assert a claim against Kolb; and that the trial court erred in determining that there was no proof that the plaintiff and defendant had entered into a fraudulent and collusive scheme to deprive petitioner of his lien by a discontinuance of the action. The latter proposition does not

precisely state the court's position, which was that "petitioner has not sustained the burden of proof that defendant paid or promised to pay plaintiff any consideration for the discontinuance of the action or that it was discontinued because of collusion between them to defraud him of his fees." We think that the court was right. Petitioner was claiming that he had been fraudulently deprived of a fee. Before fraud could become an element it was necessary for him to prove that he had a right against which fraud could operate. He not only failed in that duty but endeavored, as stated above, to prevent the defendant from proving that there was no basis, actual or colorable, for the suit upon which his right to a fee depended. The lien of an attorney is no stronger than the cause of action to which it attaches; and the existence of such a lien does not alter the rule that he who asserts a claim must prove it. *Cf. Culnen v. Public Service Interstate Transportation Co.*, 135 *N. J. L.* 363 (*Sup. Ct.* 1947). Kolb had no professional relations with the petitioner. The two were dealing at greater than arm's length; in fact, they were not dealing with each other at all. They were apart and hostile. Kolb's only obligation to petitioner was one of potential liability under *R. S.* 2:20-7, which, in granting a statutory attorney's lien, provided that "The lien shall not be affected by any settlement between the parties before or after judgment or final order or decree." The statute did not forbid settlement between the parties; it simply preserved the lien unaffected by the settlement. The contention that the parties lost all power to compose their differences and that the initiated cause must go on to trial and judgment unless the attorney should consent to some other course is without support in the statute or the common law. *Cf. Shaffer v. Shaffer*, 129 *N. J. Eq.* 42 (*E. & A.* 1940). A settlement without the attorney's consent will leave the cause of action sufficiently open to permit the attorney to collect whatever sum after a judicial inquiry and hearing shall be found to be fair and reasonable. *Ferraro v. City Hall Garage*, 94 *N. J. L.* 209 (*E. & A.* 1919). Such was the judicial inquiry and hearing now under review; and the burden was upon the

petitioner to prove not only a valuation for the services rendered, which he did, but also other elements essential to a recovery, which he did not. Lacking an actionable claim against Kolb, with no payment by her of a consideration for discontinuance, and with no fraud by her attaching to a duty which she was obligated to observe, we fail to understand how petitioner could succeed in his proceeding.

The factual findings below were amply grounded in the proofs. We find no legal error. The judgment under review will be affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.

*For reversal*—None.