42 N.J. Super. 468 (1956)
127 A.2d 215
W. LUDLOW JAMES, PLAINTIFF,
v.
LAWRENCE REED HARRIS, ELAINE SPIELER, AND JACK SPIELER, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided November 16, 1956.
*470 Mr. Leslie S. Kohn argued in favor of the order to show cause.
Mr. James O. Boyd argued contra.
FOLEY, J.C.C. (temporarily assigned).
The petitioner represents the estate of Meyer Semel, deceased, and, as such, claims the benefit of a statutory lien allegedly gained by the decedent for certain legal services performed in prosecution of his duties as retained counsel in an automobile negligence case. The plaintiff's case was still in the formative stages of pleading when the decedent's death occurred. Subsequent thereto other counsel was retained by plaintiff and a settlement was agreed upon and the action dismissed. It appears that the check in settlement was made payable to plaintiff and his then counsel, and that out of the proceeds counsel deducted his agreed fee and remitted the balance to plaintiff.
The present order to show cause is directed against plaintiff and his attorney in the above-named cause. By it the petitioner seeks to have adjudicated the amount of compensation earned by decedent and to have a lien in that amount enforced against the two respondents.
Primary among the objections raised against the claimant's course is the contention that there can be no lien where settlement and dismissal have taken place, since there is no action pending before the court, the respondents pointing out that the statute provides that, "The court in which the action * * * is pending * * * may determine and enforce the lien." N.J.S.A. 2A:13-5. But this objection lacks tenability when examined in the light of the holding in Marsh v. Murphy, 129 N.J. Eq. 302 (E. & A. 1941). There it was urged that there could be no lien unless there was a "verdict, * * * judgment or final order." In that case, as in the instant one, settlement had been reached and the complaint dismissed. The court ruled that the existence of a verdict, judgment, or final order was not a sine qua non for the operation of the lien, since the statute otherwise provided that settlement prior *471 to final judgment should not affect the lien. The rationale of that decision impels the inference that the statutory provision regarding pendency of action can be no more than directive of the forum in which the action was instituted as the proper court in which to pursue the remedy.
The next point of resistance to the petition is developed around the idea that the instant proceeding is out of time inasmuch as the monies have been disbursed and there is no fund to which a lien can attach. This is obviously unsound. There is no temporal or conditional limitation in the statute. By its terms an attorney "shall have a lien * * * upon his client's action, * * * which shall contain and attach to a verdict, * * * and the proceeds thereof in whosesoever hands they may come." The lien, it will be observed, attaches to the "action." To hold that it may be terminated by the act of the client is to defeat the very purpose of the statute. Retention of assets is not a feature of this lien, nor is the existence of a specific and isolated fund essential to its vitality. It is a special or charging lien which depends simply upon the right to have the court intervene to determine the amount of compensation properly due an attorney and to arm him with a judgment in that amount, which may be enforced against persons who have received the proceeds of judgment or settlement or who disbursed funds in settlement without due regard for the pending lien. The intendment of the statute is clearly set forth in Levy v. Public Service Ry. Co., 91 N.J.L. 183 (E. & A. 1918), and Ferraro v. City Hall Garage, 94 N.J.L. 209 (E. & A. 1920). In each of these cases the attorney pursued his lien against a defendant who had settled with the attorney's client.
The remaining objections urged by the respondents are without merit.
An order will be entered setting the petitioner's claim down for trial.