63 N.J. Super. 430 (1960)
164 A.2d 821
RUDOLPH FUESSEL, PLAINTIFF-RESPONDENT,
v.
CADILLAC BAR CORP. AND JOHN PANASOWICH, ALSO KNOWN AS JOHN PANN, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued October 24, 1960.
Decided October 31, 1960.
*433 Before Judges GOLDMANN, CONFORD and FREUND.
Mr. Edward A. Costigan argued the cause for defendants-appellants.
Mr. Nathan N. Finkle, argued the cause pro se.
The opinion of the court was delivered by CONFORD, J.A.D.
Defendant Panasowich appeals from the award by the Mercer County Court of a judgment against him in the sum of $2,109 with interest and costs in favor of the petitioner, attorney of the plaintiff, on an application for the fixing and enforcement of an attorney's lien pursuant to N.J.S. 2A:13-5. Defendant asserts the matter was erroneously treated as a summary proceeding and determined without a jury as a matter of law, and that the amount allowed was, in any event, arrived at improperly. Study of the case satisfies us that the points urged are well taken.
*434 Plaintiff retained Casimir E. Bugdal, Esq., an attorney, to prosecute his claim of $5,000 against the defendants on a loan. The client was to advance court costs, and it was agreed that compensation of the attorney should be "on the basis of a one-third contingent attorney's fee * * * one-third of the amounts collected." Thereafter, with plaintiff's consent, the handling of the matter was referred to petitioner on the same fee arrangement. A judgment was recovered on the claim for $5,833.33 and costs of $73.75. From time to time defendants paid petitioner sums aggregating $660, and he remitted two-thirds to plaintiff. Thereafter the corporate defendant was adjudicated bankrupt in the federal court. The individual defendant acquired real property, and later contracted to sell it for a sum not fixed in the record. Although petitioner notified the attorneys for the seller and prospective buyer of his lien claim, the plaintiff, acting independently of petitioner, settled the balance due on the judgment directly with defendant for a cash payment of $1,000 to plaintiff, and executed and delivered to defendant a general release and warrant for satisfaction of the judgment. Thereafter, the sale of the property was consummated, an amount sufficient to satisfy the attorney's lien here asserted being deposited in escrow with a title company.
Thereupon petitioner filed his petition in the cause asking for allowance of an attorney's lien for one-third of the face amount of the judgment less what he had retained from prior receipts on account of the judgment debt. The matter came on to be heard on an order to show cause, at which only petitioner and defendant were represented. Defendant demanded a jury trial. The court deemed it unwarranted, holding that defendant had no proper concern with the fee arrangement between plaintiff and his attorneys and that the issue was one of law  whether the one-third contingency should be applied to the full judgment balance or the amount accepted in settlement by plaintiff. After hearing the foregoing facts established by Bugdal's testimony and petitioner's *435 representations, and defendant declining to adduce any testimony, the court made the determination that petitioner was entitled to judgment for one-third of the balance due on the face of the judgment, with accrued interest.
In the colloquy between the parties and the court before decision petitioner remarked that the property owned by the defendant "was sold for such a price that there were more than enough moneys to pay this judgment." This was forthwith denied by defendant. The facts as to this circumstance are not established on this record.
Under N.J.S. 2A:13-5 an attorney instituting an action has a lien for compensation upon his client's cause of action which attaches to the judgment "and the proceeds thereof in whosesoever hands they may come." It is further provided that:
"The lien shall not be affected by any settlement between the parties before or after judgment or final order, nor by the entry of satisfaction or cancellation of a judgment on the record. The court in which the action or other proceeding is pending, upon the petition of the attorney or counsellor at law, may determine and enforce the lien."
Where, as here, the action has been brought in the Law Division of the Superior Court or County Court, the filing of such a petition activates a plenary proceeding within the main action to be determined by court and jury by the procedure in the ordinary course of actions in the Law Division. H. & H. Ranch Homes, Inc. v. Smith, 54 N.J. Super. 347 (App. Div. 1959); and see Artale v. Columbia Insurance Co., 109 N.J.L. 463, 467-468 (E. & A. 1932); Levy v. Public Service Railway Co., 91 N.J.L. 183, 186 (E. & A. 1918). It is at once apparent, therefore, that unless there were no disputed questions of fact legally material to the determination of petitioner's claim, it was incorrect to decide the matter in the summary manner employed below.
Where the attorney and client have expressly contracted as to the basis for the fee, that agreement will ordinarily control the determination of its amount in the statutory *436 proceedings. See American Automobile Ins. Co. v. Niebuhr, 124 N.J. Eq. 372, 376 (Ch. 1938). Although the statute declares that the lien shall not be affected by any settlement by the parties before or after judgment, nevertheless the property in the cause of action belongs to the plaintiff and he is free to compose his differences with respect thereto vis a vis the defendant without the consent of the attorney, Chasan v. Kolb, 2 N.J. 263 (1949); Levy v. Public Service Railway Co., supra (91 N.J.L., at p. 185), provided he be guilty of no fraud. Ibid. Yet the effect of the statutory injunction mentioned above is that a defendant who settles with a plaintiff without the consent of the latter's attorney does so at his peril and leaves himself open to an adjudication of liability to the attorney for the amount of the lien. James v. Harris, 42 N.J. Super. 468 (Law Div. 1956); Ferraro v. City Hall Garage, 94 N.J.L. 209 (E. & A. 1920). Where there is no express agreement between attorney and client as to fee, the attorney's lien, and defendant's consequent liability in such case to the attorney, will ordinarily be in the amount of the fair value of the attorney's services. Ibid. Where the fee arrangement is a percentage contingent upon the amount the attorney collects, a good-faith settlement made by the parties without the consent or participation of plaintiff's attorney renders impossible the execution of the contingency formula for fixing the lien, and it will then be set at the fair value of the services rendered, defendant being responsible therefor to the attorney, Levy v. Public Service Railway Co., supra. Defendant's liability to the attorney in such case cannot, however, exceed the amount so received by the plaintiff in good faith from the defendant, since the settlement "liquidate[s] the claim" and thereby places a "maximum valuation upon the subject of the lien beyond which the remedy given by [the] statute does not purport to go" (Id., 91 N.J.L., at p. 185).
Applying these principles enunciated by our courts of last resort to the matter at hand, it is first to be noted that *437 here, as in the Levy case, supra, the contingency fee arrangement cannot be applied to fix the amount of petitioner's lien since the settlement and release of the judgment between the parties thereto (assuming a good faith settlement) has made it impossible to compute the fee on that basis, which was clearly geared to the amount of collections by the attorney, not by the client acting alone. While many decisions elsewhere limit the attorney's fee to the agreed contingency percentage even where the client settles the case, see Annotations 3 A.L.R. 472 (1919); 40 A.L.R. 1529 (1926), we regard the rule in the Levy case as being sound as well as authoritative in this State. In agreeing to take a case on a contingency the lawyer has in mind what he may collect by his own efforts, not what the lay efforts of his client may produce.
The issue of plaintiff's good faith in making the settlement will therefore have to be resolved by a jury trial on the remand. If the determination is in the negative (and this will require a special verdict), petitioner's lien will be fixed at the fair value of his services as determined at the trial, and without necessary regard to the formula of one-third of the face amount of the judgment since that was never the agreement of the parties. If the settlement is determined on remand to have been made by the plaintiff in good faith, petitioner's lien will be subject to a maximum limitation of the amount paid by defendant, as held in the Levy case, supra. We do not agree with the attempted distinction of that case by petitioner as having been an action on an unliquidated claim not yet reduced to judgment. While the judgment here was for a liquidated sum, yet if its cash value was questionable, depending upon collectibility, it could properly be the subject of a good faith settlement for a lesser amount which would set a maximum value of the claim, and consequently of the attorney's lien, within the Levy rationale.
Reversed and remanded for a new trial consistent with this opinion.