Timothy Ross Hill and Laura Denise Hill were divorced in August 1996. In October 1996, the wife filed a petition to modify the divorce judgment and a petition to hold the husband in contempt. The husband answered and also filed a petition to modify the divorce judgment. In March 1997, the trial court, among other things, modified some of the provisions of the joint custody arrangement of the original divorce judgment and ordered the husband, after allowing him certain credits, to pay the wife a lump-sum property settlement.
In April 1997, the husband filed a petition to modify, requesting custody of the children and child support. The wife answered and also filed a petition to modify, requesting custody, increased child support, enforcement of the lump-sum property settlement, and attorney fees. The trial court maintained joint custody, ordered the husband to pay $500 monthly child support, found the husband to have a child-support arrearage of almost $4,000 and ordered him to pay $1,000 per month toward the arrearage, and ordered the husband to pay $5,048 to the wife to reimburse her for payment of an automobile loan he had been ordered to repay in the *Page 250 
original divorce judgment. The husband filed a post-judgment motion, which the trial court denied.
The husband appeals and argues that the trial court erred (1) by admitting certain evidence; (2) by not awarding him sole custody; (3) by incorrectly calculating the child support; (4) by incorrectly calculating the child-support arrearage; and (5) by not staying the repayment to the wife of the amount of the automobile loan after the husband had filed for bankruptcy.
The husband first argues that the trial court erred by admitting into evidence a 1995 financial statement, which he contends is irrelevant. Rule 401, Ala. R. Evid., defines relevant evidence as, "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." We conclude that the financial statement is relevant. As discussed later in this opinion, the issue of the amount of the husband's income is relevant to the issue of the amount of child support. The husband argues that the 1995 financial statement is too remote to be considered; however, his methods of calculating his income for past years and his representations of his past years' income are relevant to the veracity of his testimony.
The husband next argues that the trial court erred by not ending the joint custody arrangement and not awarding him custody. In child custody cases, the trial court's judgment is presumed correct, and its judgment will not be reversed absent an abuse of discretion. Ex parte Jones, 620 So.2d 4 (Ala. 1992). In this case, the children reside with each parent approximately equal amounts of time. In such joint custody situations, when one parent seeks to have primary physical custody of the children awarded to that parent, the trial court is to apply the best interest standard to determine the custody of the children. Ex parte Couch,521 So.2d 987 (Ala. 1988). The trial court decided to maintain the joint custody arrangement.
The husband argues that he should be awarded primary physical custody of the children, because, he contends, the children have actually spent most of their time at his residence. The husband testified that he has provided most of the night time meals for the children and that the children have spent more nights at his residence. The wife contradicted the husband's testimony, and she stated that the children have continued to stay with her and eat meals with her as often as they have done so with the husband. We conclude that the trial court did not abuse its discretion by finding that continuing the joint custody arrangement was in the best interests of the children.
The husband next argues that the trial court incorrectly calculated the child support he is obligated to pay at $500 per month. The husband argues that the trial court erred in finding that his income is $2,500 per month. The husband contends that the evidence is undisputed that his income is $1,166 per month.
We disagree with the husband that the evidence regarding his income is undisputed; rather, the record reveals that the evidence as to the amount of his income was disputed. The husband filed for bankruptcy, and in his petition, he stated that his monthly income was $3,000; he later amended the petition to indicate that it was $2,500. The husband testified that when he filed for bankruptcy he had expected to earn more income than he actually earned. The husband explained that several business ventures he was working on at that time did not materialize.
The wife presented evidence that the financial documents stating the husband's income had discrepancies. For example, the wife presented a professionally prepared, but unsigned, income tax return showing that the husband had made substantially more than he reported on the income tax return he eventually filed for that year. Also, the husband's 1996 financial statement showed that he had made $62,000 that year, but his 1996 income tax return showed income of less than $20,0000. The husband's testimony explaining the discrepancies was vague. We conclude that the trial court did not err by finding that the husband's monthly income was $2,500 as he had reported on his amended bankruptcy petition. Furthermore, the husband's monthly child support of $500 complies *Page 251 
with the child-support guidelines of Rule 32, Ala. R. Jud. Admin.
The husband next argues that the trial court erred in finding that he owes a child-support arrearage of almost $4,000. We disagree. The wife presented financial evidence supporting the trial court's finding. The husband argues that he is entitled to a credit because, he says, he provides extra support for the children. Whether to grant or deny a credit toward a support arrearage is within the discretion of the trial court. Kuhn v. Kuhn, 706 So.2d 1275 (Ala.Civ.App. 1997). The husband did not present evidence as to specific amounts that he contends should be credited toward his child-support arrearage. Therefore, we conclude that the trial court did not abuse its discretion in finding that the husband's arrearage is approximately $4,000.
The husband next argues that the trial court erred by ordering him to pay the wife the amount she had paid on an automobile loan he was ordered pay in the original divorce judgment. The husband argues that his bankruptcy stays this portion of the trial court's judgment. 11 U.S.C. § 362(a), part of the federal bankruptcy code, mandates a stay of certain judicial proceedings upon the filing of a bankruptcy petition; it provides:
 "(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of —
 "(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
". . . .
 "(3) any act to obtain possession of property of the [bankruptcy] estate or to exercise control over property of the estate."
Therefore, we must determine whether this automatic stay prohibits the trial court from ordering the husband to pay the wife the amount she paid on the automobile loan he was ordered to pay in the original divorce judgment.
We conclude that the trial court violated the automatic stay by ordering the husband to pay the wife for the amount she had paid to satisfy the automobile loan. This court has stated:
 "Although the authorities considering the applicability of the automatic stay in bankruptcy to domestic relations litigation are somewhat in conflict, the prevailing rule appears to be the following:
 "`[T]he filing of a bankruptcy petition stays the determination in a divorce case of the interests of the debtor in property of the estate, any exercise of control over such property, and any monetary claims against a debtor other than for alimony, maintenance and support. Other aspects of a divorce case, such as the dissolution of the marriage . . . are not stayed.'
 "Frankel v. Frankel, 274 N.J. Super. 585, 591, 644 A.2d 1132, 1135 (App.Div. 1994) (. . . quoting In re Becker, 136 B.R. 113, 116
(Bankr. D.N.J. 1992)); accord, In re Schock, 37 B.R. 399 (Bankr. D.N.D. 1984); In re Rook, 102 B.R. 490 (Bankr. E.D.Va. 1989), aff'd, 929 F.2d 694 (4th Cir. 1981).
 "We follow these authorities here, and conclude that while the automatic stay set forth in 11 U.S.C. § 362(a) does not apply to the wife's contentions regarding the correctness of the divorce, it does apply to the wife's claim on appeal that the trial court inequitably divided the marital property, which seeks enlargement of her property rights at the expense of the husband/debtor's property rights."
Hunter v. Hunter, 706 So.2d 753, 754 (Ala.Civ.App. 1997) (emphasis omitted).
In the original divorce judgment, the trial court incorporated the agreement of the husband and the wife. Under that argument, the wife, as part of the property *Page 252 
division, was to be awarded the automobile and the husband agreed to pay the loan used to purchase the automobile. Because the payment of the automobile loan was part of the property division, we conclude that the trial court erred by ordering the husband to pay the wife the amount she had paid to satisfy the automobile loan. That order "seeks enlargement of [the wife's] property rights at the expense of the husband/debtor's property rights"; it therefore violates the automatic stay.
We reverse that portion of the trial court's judgment ordering the husband to pay the wife for the amount she had paid for the automobile loan. In all other respects, we affirm the judgment. We remand the cause for proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
Robertson, P.J., and Yates, Monroe, and Thompson, JJ., concur.