777 So.2d 146 (2000)
A.M.J. II
v.
K.D.J.
2990354.
Court of Civil Appeals of Alabama.
August 25, 2000.
*147 J. Timothy Smith, Hoover, for appellant.
Ferris S. Ritchey III of Ritchey & Ritchey, P.A., Birmingham, for appellee.
CRAWLEY, Judge.
A.M.J. II (the "father") and K.D.J. (the "mother") were divorced in May 1998. The divorce judgment awarded the parents joint custody of their three minor children. The judgment provided each parent physical custody of the children for approximately equal periods.[1] In May 1999, the father petitioned to modify the joint-custody provision so as to give him sole custody. The mother also petitioned to modify the joint-custody provision so as to give her sole custody. Following the presentation of ore tenus evidence, the trial court awarded the mother sole custody of the children. The father filed a postjudgment motion; the trial court amended the judgment but still awarded the mother sole custody.
The father argues on appeal that the trial court erred by modifying the divorce judgment to give the mother sole custody. The father argues that the trial court erred by not applying the Ex parte McLendon, 455 So.2d 863 (Ala.1984), burden of proof to the mother's petition to modify. Ex parte McLendon requires that the petitioner show that a change in custody will materially promote the child's best interests and that the benefit of the change will outweigh the inherently disruptive effect of a change in custody.
We conclude that the McLendon standard does not apply to this case. The 1998 divorce judgment awarded the parents joint custody of the children. See Ala. Code 1975, § 30-3-150 et seq., the joint-custody statute. The judgment provided neither parent a superior right of custody as to the other parent. In such a case, the "best-interests" standard applies to modification petitions. Ex parte Couch, 521 So.2d 987 (Ala.1988); Davis v. Davis, 753 So.2d 513, 515 (Ala.Civ.App.1999) (stating that where the parents have a joint-custody arrangement "without a judicial determination preferring either parent," the "best-interests" standard applies to a petition to modify the joint-custody arrangement to a sole-physical-custody arrangement); Hill v. Hill, 730 So.2d 248, 250 (Ala.Civ.App.1999) (stating that the "best-interests" standard applies to a petition to modify a joint-custody arrangement to a sole-physical-custody arrangement). Section 30-3-157 states that the joint-custody statute "shall not be construed as affecting the standard applicable to a subsequent modification." Therefore, we will apply the "best-interests" standard to the mother's petition to modify the joint-custody provision.
After reviewing the record, we conclude that the trial court's judgment *148 awarding the mother sole custody of the children is supported by evidence that such a modification is in the best interests of the children. The evidence indicates that the mother has remarried and is moving to Mississippi. The mother has recently completed nursing school. Both the mother and the father are originally from Mississippi, and both have extended family in the area where the mother will be living. The father places much emphasis on his assertion that the children will be leaving the Hoover City School System, which he contends is a better school system than the Mississippi system in which the children will be enrolled. We find that argument neither persuasive nor dispositive. Other factors, such as the two older children's preference to live with the mother support the trial court's judgment.
The father presented evidence indicating that the mother had been sexually abused as a child and that the mother and the children will have contact with the perpetrators of the abuse. The father argues that the Custody and Domestic or Family Abuse Act, Ala.Code 1975, § 30-3-130 et seq., applies to this case because of the abuse he says the mother suffered as a child. We disagree. The Act provides a rebuttable presumption that a perpetrator of domestic or family abuse should not receive physical custody. Section 30-3-131. In this case, the evidence indicates that two members of the mother's family committed sexual abuse upon her. There is no evidence of abuse by the father or the mother, the two people seeking custody of the children. Therefore, the Act does not apply to this case. The mother testified that she would not allow her children to be left alone with those who abused her.
We conclude that the trial court did not abuse its discretion by awarding the mother sole custody of the children. Therefore, the trial court's judgment is affirmed.
Each party's request for an attorney fee on appeal is denied.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.
NOTES
[1] The joint-custody statute is codified at Ala. Code 1975, § 30-3-150 et seq. Section 30-3-152 provides that a trial court "shall in every case consider joint custody," based on certain factors. In this case, the joint-custody arrangement provides approximately equal periods of physical custody; however, § 30-3-150 states that "Joint custody does not necessarily mean equal physical custody."