## 32478. HINES v. HINES.

MARSHALL, Justice.

In the first appearance of this case, see *Hines v. Hines,* 237 Ga. 755 (229 SE2d 744) (1976), this court affirmed an order of the DeKalb Superior Court requiring the appellant former husband to pay his former wife, the appellee, the sum of $2,430.60 as the value of an automobile given to her in a separation agreement

incorporated into their divorce decree. Subsequently, the husband filed a voluntary petition in bankruptcy scheduling the amount of $2,430.60 due to his former wife as a debt dischargeable in bankruptcy.

Upon the husband's filing a motion in the superior court to determine the dischargeability of this debt, the court entered an order holding that the debt is not dischargeable in that it is permanent alimony, rather than a property settlement as argued by the husband. See *Manuel v. Manuel,* 239 Ga. 685 (1977), which holds that whether a marital debt is alimony or a property settlement does not determine the question of whether it is dischargeable in bankruptcy.

The order of the superior court further provides that, if the husband should fail to make the payment as ordered, upon an affidavit from the wife so stating, the county law enforcement authorities would be authorized to arrest and incarcerate the husband in the county jail until payment is made.

This case must be reversed under *Manuel v. Manuel,* 237 Ga. 828 (229 SE2d 644) (1976). As in *Manuel,* although it appears that the husband has scheduled this payment in his bankruptcy action, it does not appear that he has yet received a discharge in bankruptcy. The superior court should have stayed the present action pending culmination of bankruptcy proceedings. The other issues in the case are, accordingly, rendered moot.

*Judgment reversed. All the Justices concur.*

ARGUED JULY 11, 1977 — DECIDED SEPTEMBER 6, 1977.

*Gilbert & Blum, Fred A. Gilbert,* for appellant.
*Evelyn Sisk Fabian,* for appellee.