69959. LUMPKIN v. LUMPKIN.
(328 SE2d 389)

BANKE, Chief Judge.

This is an appeal from an order holding the appellant in contempt of an Alabama divorce decree domesticated in this state. The following facts appear without dispute from the record and the briefs of the parties.

The Alabama decree, which was entered on April 7, 1981, incorporated a settlement agreement obligating the appellant to pay the appellee $200 per month for the support of the parties' minor child and $700 per month as "settlement and payment" of the appellee's interest in a taxidermy business. These $700 per month "property settlement" payments were to continue until the minor child reached majority, at which time they were to increase to $900 per month, with no specified termination date.

Although the decree did not provide for any alimony payments as such, the appellant on September 30, 1983, filed a complaint for "modification of alimony" in the Alabama court, based on alleged worsening of his financial condition. The parties subsequently stipulated that the so-called property settlement payments provided for in the decree were in fact property settlement payments rather than alimony and consequently were not subject to modification based on a change in circumstances. On January 17, 1984, the Alabama court entered a consent order based on this stipulation. In addition to dismissing the appellant's claim for modification, the consent order further declared the appellant to be $11,000 in arrears on the "property settlement" obligation and directed him to pay an additional $200 per month (for a total of $1,100 per month) until the arrearage was satisfied.

On March 7, 1984, the appellee filed a contempt action in the

Alabama court based on the appellant's alleged failure to comply with the January 17th consent order. Two months later, on May 4, 1984, the appellant filed a voluntary bankruptcy petition. Based on the pendency of this petition, he subsequently moved the Alabama court for a stay of the contempt proceedings; however, the Alabama court declined to grant such a stay and, finding him to be in contempt, ordered on May 23, 1984, that he be incarcerated until the arrearage, which by then totaled $15,500, was paid.

On May 25, 1984, the appellant petitioned the bankruptcy court for a stay of the state court proceedings and for a determination of the dischargeability of the "property settlement" provisions of the divorce decree. On June 4, 1984, the bankruptcy court entered an "abstention" order dismissing this plea and expressly referring the parties to the state courts for resolution of the dischargeability issue. The appellee subsequently moved the bankruptcy court for relief from the automatic stay provisions of the bankruptcy law, and on June 21, 1984, the bankruptcy court granted this motion.

The appellee filed the present action in the Superior Court of Muscogee County, Georgia, on July 12, 1984, seeking domestication and enforcement of the Alabama divorce decree. Subsequently, on July 26, 1984, the Alabama court denied motions by the appellant seeking to set aside the judgment of May 23, 1984, and to obtain a determination of the dischargeability issue. The appellant subsequently appealed to the Alabama Supreme Court from these rulings, and that appeal is apparently still pending.

On October 9, 1984, the Georgia court entered an order domesticating the Alabama decree. On October 17, 1984, it found the appellant in contempt for his failure to make the "property settlement" payments required by the decree and ordered him incarcerated until the arrearage (by then $19,100) was paid or until further order. *Held*:

1. The appellant initially contends that the trial court erred in finding him in wilful contempt without first ruling on the issue of whether the so-called property settlement obligation was dischargeable in bankruptcy. However, in view of the fact that the bankruptcy court specifically declined to stay the collection of this obligation during the pendency of the bankruptcy proceeding, and absent any showing that the appellant has in fact been issued a discharge in bankruptcy, there was no basis for the trial court to have concerned itself with the dischargeability of the obligation. The cases of *Manuel v. Manuel*, 237 Ga. 828 (229 SE2d 644) (1976), and *Hines v. Hines*, 239 Ga. 689 (238 SE2d 331) (1977), cited by appellant, are not authority for a contrary conclusion, as there is no indication that the bankruptcy court acted to lift its stay, in those cases, as it did in the present one. Also distinguishable is the case of *Manuel v. Manuel*, 239 Ga. 685 (238 SE2d 328) (1977), wherein the husband had in fact re-

ceived a discharge in bankruptcy.

2. Any assertion that the present action should have been stayed pending resolution of the litigation in the Alabama courts is without merit. "The pendency of a prior action in another state shall not abate an action between the same parties for the same cause in this state." OCGA § 9-2-45. In any event, it has not been shown that a motion for such a stay was made in the court below.

3. In a contempt proceeding to enforce payment of alimony or child support, the trial court's discretion is broad, and his decision will be upheld if there is any evidence to support it. *Costa v. Costa,* 249 Ga. 494 (292 SE2d 73) (1982). Although the evidence in this case would have authorized the trial court to find that the appellant's failure to pay resulted from lack of funds rather than wilfulness, there was at least some evidence from which the trial court could reasonably have found to the contrary. There is no indication that the appellant's financial condition was any worse at the time of the hearing than it was in January of 1984, when he voluntarily agreed not only to make the "property settlement" payments he had previously been ordered to make but also to pay an additional $200 per month on the arrearage. Since that time, though he has scrupulously met his $200 per month child-support obligation, he has paid nothing whatsoever on the "property settlement" obligation but has instead sought to be discharged from that obligation in bankruptcy. It may reasonably be concluded from this sequence of events that at the time the Alabama consent order was issued, the appellant had no actual intention of complying either with it or the divorce decree. Accordingly, we cannot say that the court abused its discretion in finding the appellant to be in wilful contempt of the domesticated decree.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED MARCH 8, 1985.

*Charles C. Carter,* for appellant.
*William G. Scrantom, Jr., William G. Scrantom III,* for appellee.