This is a civil contempt case.
After a hearing, the Circuit Court of Lee County found the husband in contempt and ordered the payment of certain arrearage from an earlier divorce decree. The husband "appeals" to this court by way of certiorari, and we affirm.
The husband filed a petition for bankruptcy prior to the contempt order and now contends that the order issued by the trial court was in violation of the automatic stay imposed by11 U.S.C. § 362 (1976) of the United States Bankruptcy Code. In view of the unusual proceedings and circumstances of this case, we do not agree with the husband, and the writ of certiorari is denied.
The brief facts are that the parties were divorced in 1981, and the husband was required to pay $700 per month to the wife for her interest in a family business.
On May 7, 1984, the wife filed a petition in the trial court to compel the husband to pay a $15,500 arrearage from the property settlement. The husband, however, on *Page 650 
May 4, 1984, had filed a voluntary petition for bankruptcy under Chapter 7 of the United States Bankruptcy Code.
On May 23, 1984, after a hearing the trial court found the husband in contempt and ordered the payment of the property settlement arrearage. The wife was also awarded an attorney's fee.
Although the record is not a paragon of clarity, it has been represented to us by an officer of this court that two days later, on May 25, 1984, the husband filed a complaint in the United States Bankruptcy Court against the wife. The complaint sought injunctive relief from the contempt order awarded by the trial court, alleging that such order was in violation of the automatic stay imposed by 11 U.S.C. § 362 (1976).
The bankruptcy court considered the complaint and entered an abstention order dismissing the husband's complaint, stating that "the parties to this complaint may commence or continue an appropriate action in another court of competent jurisdiction."
It is also represented to this court by an officer of this court that in June 1984, the bankruptcy court expressly lifted the automatic stay as to the wife.
In any event, the record indicates that the husband filed a motion with the trial court to vacate the May 23, 1984, contempt order. After a hearing on July 26, 1984, the trial court denied the husband's motion and, in effect, reaffirmed the prior contempt order.
As stated, the husband contends that the action of the trial court was in violation of the automatic stay imposed by the United States Bankruptcy Code.
The facts of this case indicate that the trial court entered a contempt order after a petition for bankruptcy had been filed. However, the bankruptcy court, after an action was filed by the husband for relief from the contempt order, abstained and stated that the parties were free to "commence or continue" an action in the trial court.
Subsequent to the abstention by the bankruptcy court, the trial court reconsidered the earlier contempt order, denied the husband's motion to vacate that order, and reaffirmed the contempt order.
It is clear to this court that, when the total circumstances are considered, no error requiring reversal has been committed by the trial court. At best, from the husband's viewpoint, the trial court may have been wrong in failing to grant a stay on May 23, 1984. However, clearly this was harmless error in view of what transpired thereafter.
In order to warrant reversal, any alleged error must be prejudicial and must affect the substantial rights of the party. Rule 45, Alabama Rules of Appellate Procedure; VillageToyota Co. v. Stewart, 433 So.2d 1150 (Ala. 1983).
Put another way, when the trial court took its final action on July 26, 1984, refusing a stay, no error was committed because the bankruptcy court's action, without question, allowed the trial court to refuse a stay. Therefore, reversal is not warranted.
The husband also contends that a "property settlement" claim is dischargeable in bankruptcy. This contention appears to be a matter to be resolved by the United States Bankruptcy Court. The trial court apparently concluded that this matter was properly within the prerogative of the bankruptcy court and we agree.
We note at this point that the husband might be well advised to direct his energies to complying with the orders of the trial court, regarding his obligations rather than seeking avenues to avoid such obligations.
In consideration of the tardiness of the husband's brief and the circumstances surrounding this tardiness, sanctions have been previously imposed against the husband in that an application for rehearing will not be granted as a matter of right. We reaffirm that sanction.
Writ of certiorari denied.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 651