BRADLEY, Judge.
This appeal is from a judgment construing the terms of a divorce decree.
The parties to this appeal were divorced in 1979. The divorce decree incorporated a settlement agreement made by the parties.
The settlement agreement is, in pertinent part, as follows:
“WHEREAS, said parties have entered into an agreement pertaining to the custody of said child and to a disposition of the property owned by said parties.
“NOW, THEREFORE, in consideration of the premises, the parties hereto have agreed as follows:
“1. The Plaintiff, Barbara M. Hard-man, shad have the care, custody and control of the minor child of the parties subject to the right of reasonable visitation by the Defendant, Joseph M. Hard-man.
“2. The Defendant, Joseph M. Hard-man, shad pay to the Plaintiff as support and maintenance for said child the sum of One Hundred Dollars ($100.00) per month.
“3. The Defendant, Joseph M. Hard-man, shad keep in full force and effect the life insurance policy at his place of employment and the irrevocable beneficiary on said policy of insurance shad be Jovina Jean Hardman. If the Defendant leaves his present employment, he will secure a policy of life insurance in a like amount with the foregoing terms and conditions.
“4. The Defendant, Joseph M. Hard-man, shad keep in full force and effect hospital and medical coverage on said minor child and will pay any medical bids not covered by insurance.
“5. The Defendant shad convey to the Plaintiff his interest in the real property owned by the parties in the Town of Ragland, Alabama, and the Defendant shad pay the payments due on the mortgage on said real property.”
The defendant-husband filed a bankruptcy petition in 1984 seeking, among other things, to be relieved of the mortgage payments on the parties’ marital home. The plaintiff-wife asked the bankruptcy court to abstain from invoking the automatic stay, and to grant her permission to obtain an interpretation of the divorce decree in state court. Plaintiffs motions were granted.
Plaintiff filed her petition for construction of the divorce decree in the state court and, after a hearing, the state court interpreted the provision of the divorce decree as follows:
“2. That paragraph five of said agreement provided that the Defendant was to make payments on a certain note secured by real estate mortgage.
“3. That the real property which is the subject of the aforesaid real estate mortgage has located thereon a dwelling house which has been occupied by the Plaintiff and the minor child of the parties as their home.
“4. That the Plaintiff and the minor child of the parties resided on said real property at the time of the said divorce and at all times subsequent thereto.
“5. That the payments which are the subject of paragraph five are being made by the Defendant out of his separate estate and are for the benefit of his former spouse and child.
“6. That due to the fact that the aforesaid payments being made by the Defendant [have] the effect of providing shelter and a home for the minor child and the Plaintiff, the Court is of the opinion that such payments are in the nature of support and maintenance or alimony in gross.”
Defendant appeals this interpretation of the divorce decree.
*916 In brief here, defendant says first that the United States Bankruptcy Court is the proper forum to determine whether a mortgage debt is a support obligation or is part of a property obligation and thereby dischargeable in bankruptcy proceedings.
Plaintiff agrees with defendant that the bankruptcy court has exclusive jurisdiction to determine the dischargeability of a debt in bankruptcy. Ex parte Lumpkin, 469 So.2d 649 (Ala.Civ.App.1985). However she says that the bankruptcy court may also look to state law for guidance in making that decision. In re Lynch, 32 B.R. 341 (Bankr.W.D.N.Y.1983); In re Hughes, 16 B.R. 90 (N.D.Ala.1981).
As we view the proceedings up to this point, the bankruptcy court has not abdicated its duty to decide whether the mortgage payments are dischargeable in the bankruptcy proceedings. It has merely deferred for the moment to the state court to give the state court an opportunity to construe its own decree. This construction would then be useful to, but not binding on, the bankruptcy court in making a decision concerning the dischargeability of the mortgage payments. In re Hughes, supra.
We therefore conclude that the state court’s construction of its own decree was not a usurpation or an attempt to usurp the jurisdiction of the bankruptcy court in deciding whether the mortgage payments were dischargeable in bankruptcy, but was in response to a valid request for the state court to construe its own decree. This it has done.
Defendant’s other contention is that the state trial court erred in construing the mortgage payments as “support and maintenance or alimony in gross.” Defendant says the mortgage payments were in the nature of a property settlement.
“A divorce decree is to be construed like other written instruments, and when there is an uncertainty in the decree, the court must construe the judgment so as to express the intent of the parties or the trial judge.”
Hawkins v. Hawkins, 470 So.2d 1283 (Ala. Civ.App.1985) (citations omitted).
In the agreement made a part of the divorce decree, the parties said they were disposing of their property, which was the marital home, by requiring the husband to convey his interest to the wife and to make the mortgage payments.
. The trial court, in its interpretation of the agreement, held that the placing of full title in the wife and requiring the husband to make the mortgage payments was an award of alimony in gross or an award of support and maintenance.
“[A]n award is alimony in gross when the amount of payment is fixed, the time of payment is certain, the award is clearly denominated as 'alimony in gross,’ and the trial court reserves no right in itself to later modify the provisions.”
McEntire v. McEntire, 345 So.2d 316 (Ala. Civ. App.1977).
In the case sub judice, the amount of payment is fixed and the time of payment is certain. The amount is fixed, as the outstanding indebtedness on the mortgage is certain of calculation. The time of payment is certain, i.e. monthly until the mortgage balance is paid. Furthermore, the trial court did not reserve to itself the right to later modify the award.
In this case, the trial court did not label the award as alimony in gross. However, we said in Hartsfield v. Hartsfield, 384 So.2d 1097 (Ala.Civ.App.1980), that the labeling of the award as alimony in gross is helpful in discerning the intent of the drafters of the agreement, but that the lack of such a label will not prevent an award which is in substance an alimony in gross award from being so described.
Therefore, the failure of the drafters of the agreement to specifically label the award of the husband’s interest in the marital home to the wife and require him to pay off the mortgage as alimony in gross did not prevent the trial court from construing that award as alimony in gross.
The substance of the parties’ agreement as found by the trial court was to *917 transfer the title to the marital home to the wife, ultimately free and clear of the mortgage, thereby disposing of the parties’ principal asset, the marital home. The trial court’s conclusion that this was an alimony in gross award as a part of the parties’ property settlement is supported by the parties’ agreement. See Kenchel v. Kenchel, 440 So.2d 567 (Ala.Civ.App.1983).
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.