**Wayne E. RAUER, Appellant (Defendant),**

v.

**Judith A. McFEE, f/k/a Judith A. Rauer, Appellee (Plaintiff).**

**No. 90–119.**

Supreme Court of Wyoming.

Dec. 4, 1990.

Floyd L. Hoover, Laramie, for appellant.

Lisa Sweeney, Laramie, for appellee.

Before URBIGKIT, C.J., MACY and GOLDEN, JJ., and RAPER and BROWN, JJ., Ret.

RAPER, Justice, Retired.

This appeal involves primarily the effect of husband and wife seeking federal chapter 11 bankruptcy relief upon a divorce proceeding thereafter initiated by the wife. The trial judge proceeded to grant a divorce to the wife, provided for child support and distributed marital property.

Appellant husband declares the issues to be:

1. Whether the trial court has jurisdiction to divide property in a divorce action when the property is protected under the provisions of 11 U.S.C. § 362, without relief from the automatic stay.

2. Whether the trial court has jurisdiction to order child support paid from monies which emanate from earnings from property of a bankruptcy estate.

3. Whether a change of circumstances must be shown when the relief sought is a modification of a divorce decree because of the trial court's lack of jurisdiction and/or irregularity in entering its order.

4. Whether Appellee's Motion to Dismiss was timely and/or whether it was meritorious.

Appellee wife does not separately set out the issues but accepts them as stated by appellant and devotes her argument to meeting such issues.

We will affirm the district court.

In January 1987, appellant and appellee, husband and wife, filed for protection under the provisions of Chapter 11, U.S.C. § 1101 et seq. in the United States Bankruptcy Court for the District of Wyoming.

On February 19, 1987, appellee filed a complaint for divorce in the state district court and the district judge set the case for trial on May 7, 1987. Appellant, pro se, was served with a copy of the order of setting, though he had filed no pleading responsive to the complaint.

On May 8, 1987, there was filed a judgment and decree granting a divorce to appellee, giving custody of the three children of the parties to her and providing for $600 per month for their support but giving appellant visitation rights. Appellee was awarded certain real property, mineral interests and an automobile. Appellant was awarded a van and his tools.

On May 9, 1988, appellant filed a motion to modify the decree of divorce alleging failure of the district court to have all facts before it, alleging the bankruptcy and the automatic stay as to property and income as provided by 11 U.S.C. § 362, and alleging the property division was invalid for want of jurisdiction.

A responsive pleading was filed and the trial judge set the matter for hearing. Af-

ter various delays, appellee moved to dismiss the motion to modify.

On July 15, 1988, the Wyoming bankruptcy judge entered an order directing that all matters regarding the divorce and property were properly within the jurisdiction of the state district court and declined "to assert any jurisdictional authority over any matters regarding the post-petition divorce of the debtors and division of the marital property as between the debtors," but retained jurisdiction over the property of debtors for the purpose of the chapter 11 case.[1]

On April 17, 1990, the trial judge's order on appellant's motion to modify was entered and was as follows:

THIS MATTER having come before the Court upon the Motion of the Petitioner/Defendant to Modify Decree and upon the Plaintiff/Respondent's Motion to Dismiss said motion; after a hearing where all parties and their counsel were present; and after consideration of the law, briefs and points and authorities filed in this action; the Court finds as follows:

1. The State District Court has jurisdiction to determine questions relating to marital property division notwithstanding action by the Bankruptcy Court.

2. An automatic stay issued by the Bankruptcy Court does not divest a state court from exercising subject matter jurisdiction over divorce actions.

3. A request for modification of a divorce decree must be accompanied by a showing of a change of circumstances.

4. The Court was aware of the parties' circumstances at the time the divorce decree was entered in the above-captioned action, including the pending bankruptcy action. There are no change of circumstances shown by the defendant to warrant modification of the divorce decree entered herein.

5. There are no change of circumstances proven in this action to warrant modification of the child support award in this case.

6. Child support arrearages have accrued and are collectible until such time as modification of the child support award is made. Child support arrearages are properly due and owing.

WHEREFORE, IT IS THEREFORE, HEREBY ORDERED that the Plaintiff's Motion to Dismiss is granted, and Defendant's Motion to Modify Decree is denied.[2]

The order of the bankruptcy judge, note 1, *supra*, and the order of the state trial judge each respected the jurisdiction of the other, and there is no conflict. The principle is set out in *In re Willard*, 15 B.R. 898 (1981) in which it was held that a state court judgment is not rendered void by the automatic stay of 11 U.S.C. § 362, but it has no effect on property of the estate [bankruptcy parlance: property of the marriage in this case] in the hands of the trustee until a debtor obtains it back from the estate. This is all we need to decide in this case since the bankruptcy was the basic reason for appellant's motion to modify. The trial court had jurisdiction.

By way of a postscript, it can be said from the record that the bankruptcy court still has control of the property for the purposes of the bankruptcy so that appel-

---

**1.** The text of the bankruptcy order reads that:

On June 29, 1988, debtor Judith Ann Rauer filed a Motion for Relief from Stay or for Approval and Confirmation of Divorce Decree..

The court has considered the unusual Motion and the Traverse thereto, and being fully advised, it is

ORDERED that all matters regarding the divorce and property settlement are in this case properly within the jurisdiction of the state district court; that all matters and issues regarding the divorce and property settlement should be properly determined in that court; and, that this court declines to assert any jurisdictional authority over any matters regarding the post-petition divorce of the debtors and division of the marital property as between the debtors; it is further

ORDERED that this court will continue to exercise jurisdiction over the estate of debtors for the purpose of this Chapter 11 case.

DATED this 14 day of July, 1988.

BY THE COURT
(s) Harold L. Mai
United States Bankruptcy Judge

**2.** This is the order appealed from.

lee cannot realize the fruits of the trial judge's favorable holding until such time as the bankruptcy court releases the property. There may not be much left by the time secured creditors are satisfied.

Affirmed.