Leroy Hunter ("the husband") petitioned the trial court seeking a divorce from Estelle Hunter ("the wife") on grounds of incompatibility of temperament and irreconcilable differences. After a hearing, the trial court entered a judgment that, among other things, divorced the parties and divided the marital property. The wife appealed to this court, claiming that the trial court (1) erroneously divorced the parties on the basis of incompatibility of temperament and irreconcilable differences, and (2) inequitably divided the marital property.
During the pendency of the wife's appeal, the husband filed a petition for relief under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Alabama, Western Division. Counsel for the husband notified this court of the pendency of the bankruptcy proceedings and served a copy of his letter upon counsel for the wife; subsequently, counsel for the husband provided a copy of the bankruptcy court's confirmation order, in which the following provision appears:
 "ALL CREDITORS ARE UNDER THE AUTOMATIC STAY PROVISION OF § 362 of Title 11, United States Code. Each creditor is hereby enjoined from demanding, requesting, or attempting collection of any part of said claim from debtor, his employer, his co-signer or joint obligor." *Page 754 
The order of the bankruptcy court is dated December 16, 1996. In light of this order, we first consider the jurisdiction of this court to adjudicate the wife's claims of error, because "jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu." Nunnv. Baker, 518 So.2d 711, 712 (Ala. 1987).
11 U.S.C. § 362(a), a portion of the federal bankruptcy code, operates to stay certain acts and proceedings upon the filing of a petition for bankruptcy relief. In pertinent part,11 U.S.C. § 362(a) provides as follows:
 "(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of —
 "(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
". . . .
 "(3) any act to obtain possession of property of the [bankruptcy] estate or of property from the estate or to exercise control over property of the estate."
We are therefore required to determine whether the prosecution of an appeal that challenges the entry of a judgment of divorce from a bankrupt party and that challenges the propriety of the division of the marital property belonging to the bankrupt and his spouse is in violation of the automatic stay in bankruptcy.
Although the authorities considering the applicability of the automatic stay in bankruptcy to domestic relations litigation are somewhat in conflict, the prevailing rule appears to be the following:
 "[T]he filing of a bankruptcy petition stays the determination in a divorce case of the interests of the debtor in property of the estate, any exercise of control over such property, and any monetary claims against a debtor other than for alimony, maintenance and support. Other aspects of a divorce case, such as the dissolution of the marriage . . . are not stayed."
Frankel v. Frankel, 274 N.J. Super. 585, 591, 644 A.2d 1132,1135 (App.Div. 1994) (emphasis added; quoting In re Becker,136 B.R. 113, 116 (Bankr.D.N.J. 1992)); accord, In re Schock,37 B.R. 399 (Bankr.D.N.D. 1984); In re Rook, 102 B.R. 490
(Bankr.E.D.Va. 1989), aff'd, 929 F.2d 694 (4th Cir. 1991).
We follow these authorities here, and conclude that while the automatic stay set forth in 11 U.S.C. § 362(a) does not apply to the wife's contentions regarding the correctness of the divorce, it does apply to the wife's claim on appeal that the trial court inequitably divided the marital property, which seeks enlargement of her property rights at the expense of the husband/debtor's property rights. See also In re Palmer,78 B.R. 402 (Bankr.E.D.N.Y. 1987):
 "[I]t is within the exclusive province of the bankruptcy court to adjudicate the rights of creditors as against property of the debtor and property of the estate. To the extent that the state matrimonial court adjudicates an equitable distribution in favor of the non-debtor spouse, such award becomes a claim within the context of 11 U.S.C. § 101(9). The non-debtor spouse's claim is an entitlement against the debtor's estate, and thus she becomes one of the general unsecured creditors of the estate."
78 B.R. at 406. Because the wife has not obtained relief from the effect of the stay from the bankruptcy court pursuant to11 U.S.C. § 362(d), we are without jurisdiction over her contentions regarding the trial court's distribution of the marital property, and we dismiss that portion of her appeal.Compare Ex parte Lumpkin, 469 So.2d 649, 650 (Ala.Civ.App. 1985) (denying certiorari review of trial court's contempt sanctions for failure to comply with property settlement where bankruptcy court expressly lifted stay).
The wife argues that the trial court erred in granting a divorce on the grounds of incompatibility of temperament and irreconcilable differences. When the trial court is presented the evidence in a divorce proceeding ore tenus, as it was in this case, its *Page 755 
judgment will be presumed correct if supported by the evidence.Nowell v. Nowell, 474 So.2d 1128 (Ala.Civ.App. 1985).
The record shows that the parties were married in November 1989, when the wife was in her late fifties and the husband was in his late sixties. Each owned his or her own home and they agreed to divide their time between their homes, but the husband said he spent most of his time at his home in Sumter County. The wife's home and family are in Choctaw County, and she wanted to spend more time there. They had been married four years and four months when the husband filed his petition for divorce. During their marriage, the record shows that the parties separated three times and that the husband filed for divorce following the third separation. Also during the marriage, the wife accused the husband of adultery, but she said they reconciled after "the incident." No "incident" of adultery was presented at trial. The wife did testify that she saw the husband speaking in a low voice with another woman, and that this made her upset; apparently, this is the "incident" to which the wife refers.
The wife contends that the husband did not present sufficient evidence to prove incompatibility or irreconcilable differences. In support of her argument, she focuses on the husband's response to a question regarding problems the couple were having in which he characterized their problems as "little misdemeanor problems."
 "Where a divorce is sought on the basis of incompatibility of temperament, the primary question is whether conflicts and difficulties between the parties are so deep and irreconcilable that it is impossible for the parties to continue a normal marriage relationship. The inquiry is as to the suitability of spouses for each other as shown by the reality of their married life. If the state of incompatibility is declared by either party to exist and the evidence, either objective or subjective, supports the existence of such a state, the court must grant a divorce."
Clark v. Clark, 384 So.2d 1120, 1121 (Ala.Civ.App. 1980).
In this case, the trial court was presented with evidence that the couple had separated three times in four years; that the wife had accused the husband of adultery; that after two or three years of marriage, the wife stopped depositing her checks into the couple's joint checking account; and that the parties apparently could not agree on how to divide their time between their homes. The wife testified that as the marriage progressed, the husband became verbally abusive. She also testified that when they separated the third and final time, the husband told her to leave and if she didn't leave, he would carry her out.
We conclude that the evidence supports a finding that the parties were incompatible and that the state of the parties' marriage had declined to the point to warrant a divorce. The trial court did not err in granting the husband's petition for a divorce based on incompatibility of temperament and irreconcilable differences.
Based upon the foregoing facts and authorities, we dismiss that portion of the wife's appeal pertaining to the trial court's division of the marital property for failure to obtain relief from the automatic stay; as to that portion of the wife's appeal challenging the judgment of divorce on the grounds of incompatibility of temperament and irreconcilable differences, we affirm.
AFFIRMED IN PART AND DISMISSED IN PART.
All the judges concur.