812 So.2d 1278 (2001)
Jerry Wayne DEVINE II
v.
Traci Leigh DEVINE.
2000398.
Court of Civil Appeals of Alabama.
September 21, 2001.
*1279 Floyd C. Enfinger, Jr., Montrose, for appellant.
Bayless E. Biles of Wilkins, Bankester, Biles & Wynne, Bay Minette, for appellee.
THOMPSON, Judge.
Traci Leigh Devine (the "wife") and Jerry Wayne Devine II (the "husband") were married on September 15, 1990. One child, a daughter, was born of the parties' marriage. On May 2, 2000, the wife sued for a divorce, seeking, among other things, custody of the parties' daughter and an equitable division of the marital property. On May 18, 2000, the trial court entered a pendente lite order requiring the husband to pay $128.50 per week in child support. The husband answered, seeking custody of the parties' child.
The trial court conducted a hearing and received ore tenus evidence. On September 6, 2000, the court entered a judgment that, among other things, divorced the parties, awarded primary physical custody of the child to the wife, ordered the husband to pay child support, and fashioned a property division. On September 20, 2000, the husband filed a motion pursuant to Rule 59(e), Ala. R. Civ. P. In his September 20, 2000, postjudgment motion, the husband challenged the trial court's child-support award; he argued that the court had erred in imputing income to him for the purpose of calculating his child-support obligation; that the child-support award was excessive and was not calculated in compliance with the Rule 32, Ala. R. Jud. Admin., Child Support Guidelines; and that the court had made no determination that it should deviate from the Child Support Guidelines *1280 in establishing his child-support obligation. The husband also challenged the equity of the trial court's property division.
On October 10, 2000, the husband filed an amendment to his postjudgment motion, raising an issue related to the parties' filing for bankruptcy. The basis for the October 10, 2000, motion, is the husband's argument that the trial court lacked subject-matter jurisdiction to enter a property division on the parties' divorce action. Subject-matter jurisdiction may not be waived by the parties, and it is an issue that may be raised, either by the parties or by the courts, at any time. State Dep't of Rev. v. Medical Care Equip., Inc., 737 So.2d 471 (Ala.Civ.App.1999); Singleton v. Graham, 716 So.2d 224 (Ala. Civ.App.1998). The trial court denied the husband's postjudgment motions, and the husband appealed.
The husband first argues that the trial court was without jurisdiction to enter a property division in this action, because the parties had filed for bankruptcy protection and, therefore, proceedings on the issue of a property division were automatically stayed. See 11 U.S.C. § 362(a)(1). Initially, we note that the wife argues that the husband waived the issue of the automatic stay by failing to plead their petition for bankruptcy protection as an affirmative defense. Rule 8(c), Ala. R. Civ. P., sets forth affirmative defenses that are waived if they are not raised in a party's first responsive pleading. Tounzen v. Southern United Fire Ins. Co., 701 So.2d 1148 (Ala.Civ.App.1997) (citing Harrell v. Pet, Inc., Bakery Div., 664 So.2d 204 (Ala.Civ.App.1994)). A "discharge in bankruptcy" is an affirmative defense. See Rule 8(c); Blase v. Blase, 419 So.2d 599 (Ala.Civ.App.1982). However, the evidence in the record indicates that the parties have filed for bankruptcy protection, but no evidence in the record indicates that either party has been discharged in bankruptcy. Therefore, we cannot agree that the husband waived this issue. The bankruptcy statute provides:
"Automatic Stay
"(a) Except as provided in subjection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of
"(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
"(b) The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970, does not operate as a stay
". . . .
"(2) under subsection (a) of this section
"(A) of the commencement or continuation of an action or proceeding for
"(i) the establishment of paternity; or
"(ii) the establishment or modification of an order for alimony, maintenance, or support;
". . . ."
11 U.S.C. § 362 (emphasis added).
Thus, the filing of a petition for bankruptcy protection stays proceedings in a divorce action as it pertains to the division *1281 of property within the debtor's estate, but it does not operate as a stay as to the dissolution of the marriage itself or the award of child support or alimony. See 11 U.S.C. § 362; Hunter v. Hunter, 706 So.2d 753 (Ala.Civ.App.1997).
"`[T]he filing of a bankruptcy petition stays the determination in a divorce case of the interest of the debtor in property of the estate, any exercise of control over such property, and any monetary claims against a debtor other than for alimony, maintenance, and support. Other aspects of a divorce case, such as the dissolution of the marriage ... are not stayed.'"
Hunter v. Hunter, 706 So.2d at 754 (citations omitted) (some emphasis added).
In Hunter v. Hunter, supra, the trial court entered a divorce judgment that, among other things, divided the parties' marital property. The husband filed for bankruptcy protection while the wife's appeal to this court was pending. This court concluded that, because of the automatic stay from the husband's bankruptcy case, it did not have jurisdiction to consider that part of the wife's appeal related to the trial court's property division. Therefore, this court dismissed that part of the wife's appeal that related to the property division. Hunter v. Hunter, 706 So.2d at 754.
We note that a trial court has jurisdiction to fashion a property division in a divorce action where the bankruptcy court enters an order lifting the automatic stay as to the divorce action. See Lumpkin v. Lumpkin, 173 Ga.App. 755, 328 S.E.2d 389 (1985); Howard v. Howard, 670 S.W.2d 737 (Tex.App.1984); State ex rel. Miley v. Parrott, 77 Oh. St.3d 64, 671 N.E.2d 24 (1996); Rauer v. McFee, 802 P.2d 155 (Wyo.1990). However, in this case, the bankruptcy court did not enter an order lifting the automatic stay. We conclude that, because of the parties' pending bankruptcy action, the trial court was without jurisdiction to enter that portion of its divorce judgment that divided the parties' marital property. See Hunter v. Hunter, supra.
The husband made two other arguments concerning whether the evidence supported the trial court's property division, as it related to two particular matters. However, because we conclude the trial court was without jurisdiction to consider the division of property in this divorce action, we need not reach those issues.
The husband next argues that the trial court erred in its determination of his child-support obligation. The trial court ordered that the husband pay $611.34 monthly in child support. At the conclusion of the trial in this matter, the court made several factual findings, including findings that the wife earned $2,000 per month; that the court should impute income to the husband; and that the husband's total monthly income, for child-support purposes, was $2,500. On appeal, the husband has not challenged the trial court's imputing income to him for the purpose of calculating his child-support obligation, nor has he disputed the amount of his monthly income as determined by the trial court.
At the hearing on the wife's divorce petition, the wife testified that she earned an average income of $2,000 per month. The husband testified that he had obtained employment at which he earned approximately $2,000 per month. The husband also testified that he "netted" $300 per month from the rental of two mobile homes. The wife testified that during the parties' marriage, the husband would occasionally bring home cash he had earned working at the mobile-home park operated *1282 by his family.[1] Neither party presented any testimony regarding the cost of health insurance or day care for the parties' child.
Parties are required to submit a Form CS-41"Child Support Obligation Income Statement/Affidavit," and a Form CS-42 "Child Support Guidelines." Rule 32, Ala. R. Jud. Admin.; Martin v. Martin, 637 So.2d 901 (Ala.Civ.App.1994). The husband did not submit either form, but the wife submitted a CS-42 Child Support Guidelines form in support of her motion for pendente lite child support. The wife's CS-42 form indicated she earned $1,485.70 per month; indicated that the husband earned $2,000 per month; and included amounts for work-related child-care costs and health insurance for the child. See Rule 32(B)(7) and (8), Ala. R. Jud. Admin. The trial court awarded the wife $557.27 per month in pendente lite child support, which was the amount she requested in the CS-42 form submitted in support of her petition for pendente lite child support; that form used income figures that were different from those ultimately used by the trial court in establishing its child-support award in the divorce judgment.
The husband did not object to the amount he was ordered to pay under the pendente lite child-support order or to the trial court's adoption of the wife's figures for the costs of work-related child care and health insurance for the child. In his post-judgment motion, the husband argued that the trial court erred by "deviat[ing]" from the Child Support Guidelines. In his brief on appeal, the husband mentions for the first time the lack of testimony regarding the cost of health insurance and the cost of day care for the parties' child
It would have been better practice for the trial court to incorporate the requisite CS-41 and CS-42 forms into its judgment. See Rule 32(E), Ala. R. Jud. Admin. However, this court is able to determine how the trial court reached its child-support award. It is clear that the trial court used the information, including the costs of health insurance and work-related child-care, that it used in establishing the pendente lite child-support award. However, in reaching its final judgment, the trial court substituted the $2,500 in monthly income it imputed to the husband for the $2,000 in monthly income it had originally adopted for the purposes of calculating the husband's pendente lite child-support obligation. The completion of the CS-42 Child Support Guidelines form, using the $2,500 monthly income the trial court imputed to the husband; the $2,000 income it determined the wife earned; and the remaining figures for the costs of health insurance and day care that it used in calculating the husband's pendente lite child-support obligation results in a child-support obligation of $611.34 per month, which is the amount the trial court's divorce judgment ordered the husband to pay as monthly child support. We conclude that the trial court correctly applied the Rule 32, Ala. R. Jud. Admin., Child Support Guidelines in establishing the husband's child-support obligation. The manner in which the trial court reached its child-support award is ascertainable, that award is correct, and it does not constitute a deviation from the Child Support Guidelines. Thus, although the trial court should have incorporated *1283 into its judgment the child-support forms, we conclude that it is unnecessary to review the judgment of the trial court.
The husband has failed to demonstrate that the trial court erred in its award of child support; we affirm as to that issue. However, we must reverse that portion of the trial court's divorce judgment related to the division of marital property.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
PITTMAN, J., concurs.
CRAWLEY, J., concurs specially.
MURDOCK, J., concurs in the result.
YATES, P.J., concurs in part and dissents in part.
CRAWLEY, Judge, concurring specially.
The husband argues that the trial court committed reversible error in its judgment regarding child support because the trial court did not have all of the required child-support forms. The forms that were not before the trial court were the husband's forms. I conclude that the husband invited the error by not submitting the forms to the trial court, or by not including the forms in the record on appeal. If the husband had raised only the child-support issue, I would assess sanctions against the husband for arguing on appeal an error that he had created; however, the husband does argue a meritorious issue on appeal. This court correctly concludes that the trial court did not have jurisdiction to divide the marital property, because a bankruptcy court had entered an automatic stay, which had not been lifted. Because the husband does argue on appeal an issue with merit, I would not advocate sanctions.
YATES, Presiding Judge, concurring in part and dissenting in part.
Although I concur in reversing the trial court's judgment insofar as it related to the property division and in remanding the case as to that issue, I must respectfully dissent from the affirmance of the award of child support. The main opinion correctly states that a CS-41 Income Statement/Affidavit for both parties and a CS-42 Child Support Guideline Form must be submitted pursuant to Rule 32, Ala. R. Jud. Admin.; however, as the main opinion notes, the husband failed to submit a CS-41 form, and the CS-42 form submitted by the wife indicates that the recommended child-support amount is $557 per month rather than the $611 awarded by the trial court.
The wife's CS-41 form indicates that she earns $1,495 per month and that her health-insurance cost is $167 per month. The CS-42 form submitted by the wife states that her income is $1,486 per month and the husband's income is $2,000 per month; that form indicates that child-care costs are $321 and health-insurance costs are $167 per month. We note that the wife did not testify as to her earnings during the trial nor was any evidence offered to substantiate the health-insurance costs or the day-care expenses added to the child-support calculation on the wife's CS-42 form. The husband testified that he received approximately $2,000 per month from his employment and an additional $300 per month from rental income. The trial court stated in open court that it would impute income for both parties at "$2,500 from imputed income for [the husband's] child support and $2,000 for [the wife's]." Because the record does not contain the appropriate child-support forms required by Rule 32, Ala. R. Jud. Admin., I would reverse the award of $611 per month in child support and, on remand, *1284 require the husband to file the required Income Statement/Affidavit; require the wife to provide proof of the health-insurance costs and the day-care expenses; and require a completed CS-42 Child Support Guideline Form that correctly states the income of the parties and the recommended child-support award. If the trial court determines that it should deviate from the recommended child-support guidelines, it should enter its findings as required by Rule 32(a), Ala. R. Jud. Admin. See State ex rel. Dep't of Human Res. v. Hogg, 689 So.2d 131 (Ala.Civ.App. 1996).
NOTES
[1] The wife claimed the parties own an interest in that mobile-home park. In its judgment, the trial court purported to award the wife $10,000 for her interest in that mobile-home park. The husband challenged that award on appeal. The trial court lacked jurisdiction to enter a property division in this case; therefore, this court's opinion should not be construed as expressing an opinion on any ownership interest of either party in that mobile-home park.