PITTMAN, Judge.
Chrysanthenia Dudley (“the former wife”) appeals from the denial of her motion to alter, amend, or vacate the judgment divorcing her from Sheldon Dudley (“the former husband”) or, in the alternative, for a new trial. We affirm the judgment in part; vacate the judgment in part; and remand.
On March 10, 2009, the former wife filed a complaint for a divorce in the Jefferson Circuit Court, alleging, among other things, that she had owned certain real *1045 property before the marriage — a commercial building located on Avenue F in Birmingham that was apparently the site of a consignment shop — and requesting that the property be awarded to her in the divorce judgment. On December 16, 2009, the former wife filed a petition for relief under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Alabama, listing the Avenue F property as an asset.
On October 14, 2010, the trial court entered a judgment divorcing the parties and ordering, among other things, that the Avenue F property be sold and the proceeds divided equally between the parties. The court also awarded the former husband $8,200 — a sum that, the trial court found, “represents one-half of the value of the inventory [of the consignment shop,] which was sold or given away.”
The former wife filed a timely post-judgment motion, asserting that before the divorce trial the parties had appeared in chambers, had informed the trial court that the former wife had filed a bankruptcy petition, and had been instructed by the trial court
“to present testimony, but the only issues to be disposed of would be those not involving property as all parties were in agreement that [the trial court] lacked the jurisdiction to make a property settlement due to the [automatic stay issued in the former wife’s] bankruptcy [proceeding].”
Citing Hunter v. Hunter, 706 So.2d 753 (Ala.Civ.App.1997), and arguing that the trial court had violated the automatic stay by dividing the parties’ property, the former wife moved the trial court to vacate the property-division portion of the divorce judgment. In the alternative, the former wife moved for a new trial, arguing that, based on her belief that the trial court would not rule on the property-division issues, she had failed to present evidence to rebut the former husband’s testimony regarding the “value of the property [in the consignment shop that the former husband] claimed he was entitled to.” In support of her motion, the former wife submitted the affidavits of two individuals who stated that they were regular customers of the consignment shop, that they had never seen certain types of merchandise for sale in the shop, and that the value of the items offered for sale in the shop was “nominal, as the store is located in a very low income area.”
Following a hearing on the former wife’s postjudgment motion, the trial court, on December 10, 2010, entered an order stating:
“THIS CAUSE came before the Court on the Motion to Alter, Amend or Vacate Judgment or in the alternative, Motion for New Trial on December 3, 2010. It is noted that the Court was informed in open court that the [former wife’s] purported bankruptcy petition was dismissed by the U.S. Bankruptcy Court. Upon consideration thereof, the Court is of the opinion that the following Order should be entered. Accordingly, it is ORDERED, ADJUDGED AND DECREED:
“1. That the Motion to Alter, Amend or Vacate or in the Alternative, Motion for New Trial is denied.
“2. That all provisions of the final judgment of divorce shall remain in full force and effect.
“3. Any other relief requested is denied.”
(Emphasis added.) On appeal, the former wife raises three issues.
I.
The former wife first contends that the trial court erred in making a division *1046 of the parties’ property in violation of the automatic-stay provisions of 11 U.S.C. § 362(a). The former wife is correct. Section 862(a) provides that, with exceptions not applicable here, the filing of a bankruptcy petition
“operates as a stay, applicable to all entities, of
“(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
[[Image here]]
“(3) any act to obtain possession of property of the [bankruptcy] estate or of property from the estate or to exercise control over property of the estate.”
In Hunter, supra, this court held:
“ ‘[T]he filing of a bankruptcy petition stays the determination in a divorce case of the interests of the debtor in property of the estate, any exercise of control over such property, and any monetary claims against a debtor other than for alimony, maintenance and support. Other aspects of a divorce case, such as the dissolution of the marriage ... are not stayed.’
“Frankel v. Frankel, 274 N.J.Super. 585, 591, 644 A.2d 1132, 1135 (App.Div.1994) (emphasis added; quoting In re Becker, 136 B.R. 113, 116 (Bankr.D.N.J.1992))
[[Image here]]
“ ‘[I]t is within the exclusive province of the bankruptcy court to adjudicate the rights of creditors as against property of the debtor and property of the estate. To the extent that the state matrimonial court adjudicates an equitable distribution in favor of the non-debtor spouse, such award becomes a claim within the context of 11 U.S.C. § 101(9). The non-debtor spouse’s claim is an entitlement against the debtor’s estate, and thus [the non-debtor spouse] becomes one of the general unsecured creditors of the estate.’
“[In re Palmer;] 78 B.R. [402,] 406 [ (Bankr.E.D.N.Y.1987) ].”
Hunter, 706 So.2d at 754.
The former husband argues that any issue concerning the trial court’s authority to divide the parties’ property is moot because the former wife’s bankruptcy petition was dismissed after the entry of the divorce judgment and before the entry of the trial court’s December 10, 2010, order denying the former wife’s postjudgment motion. We disagree.
“Violations of the automatic stay are void for all purposes. Their ineffectiveness is permanent, not temporary.” 40235 Washington St. Corp. v. Lusardi, 177 F.Supp.2d 1090, 1104 (S.D.Cal.2001). Accord LaBarge v. Vierkant (In re Vierkant), 240 B.R. 317, 325 (B.A.P. 8th Cir. 1999) (holding that “an action taken in violation of the automatic stay is void ab initio”); Village Nurseries v. Gould (In re Baldwin Builders), 232 B.R. 406, 410 (B.A.P. 9th Cir. 1999); Soares v. Brockton Credit Union (In re Soares), 107 F.3d 969, 976 (1st Cir.1997); Franklin Sav. Ass’n v. Office of Thrift Supervision, 31 F.3d 1020, 1022 (10th Cir.1994); In re Siciliano, 13 F.3d 748, 751 (3d Cir.1994); FDIC v. Hirsch (In re Colonial Realty Co.), 980 F.2d 125, 137 (2d Cir.1992); and Albany Partners, Ltd. v. Westbrook (In re Albany Partners, Ltd.), 749 F.2d 670, 675 (11th Cir.1984).
*1047 The dismissal of a bankruptcy case does not validate actions taken in violation of the stay. Richard v. City of Chicago, 80 B.R. 451, 454 (N.D.Ill.1987). “The violations [of the automatic stay] remain ineffective even if the underlying bankruptcy case is dismissed.” 10235 Washington St. Corp., 177 F.Supp.2d at 1104. See also Maritime Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1207 (3d Cir.1991); In re Prine, 222 B.R. 610, 613 (Bankr.N.D.Iowa 1997); In re Ullrich, 186 B.R. 747, 749 (Bankr.M.D.Fla.1995); and In re Lampkin, 116 B.R. 450, 453 (Bankr.D.Md.1990).
Pursuant to 11 U.S.C. § 362(d), bankruptcy courts have the discretion to “lift the automatic stay retroactively and thereby validate actions which otherwise would be void.” Soares, 107 F.3d at 976.
“[W]hen a [bankruptcy] court annuls the stay, it validates actions taken in violation of the stay. [3 Collier on Bankruptcy ¶ 362.07[1] at 362-104 (16th ed.2010) ]. Annulment of the automatic stay ‘operate[s] retroactively to the date of the filing of the petition ... and thus validated] actions taken [in violation of the stay].... ’ In re Albany Partners, Ltd., 749 F.2d 670, 675 (11th Cir.1984).”
In re Taub, 438 B.R. 39, 50 (Bankr. E.D.N.Y.2010). When a nonbankruptcy court, however, issues an order in violation of the stay, that order is invalid, absent the bankruptcy court’s retroactive approval of the order. Soares, 107 F.3d at 976. A state court’s action in a divorce proceeding taken in violation of the stay can be annulled and retroactively cured only by the bankruptcy court. Lori v. Lori (In re Lori), 241 B.R. 353 (Bankr.M.D.Pa.1999).
In the present case, the trial court did not vacate the property-division provision of the divorce judgment and enter a new judgment; instead, it ruled that “all provisions of the final judgment of divorce shall remain in full force and effect.” (Emphasis added.) Based on the foregoing’ authorities, it is clear that the property-division provision of the divorce judgment had no “force and effect,” either at the time it was entered or later when the former wife’s bankruptcy petition was dismissed. The provision was at all times void as an action taken in violation of the automatic stay, and only the bankruptcy court could retroactively validate the trial court’s violation of the stay. Accordingly, the trial court’s order denying the former wife’s postjudgment motion is vacated to the extent that the trial court refused to vacate the property-division provision of the divorce judgment.
II.
The former wife next contends that the trial court acted outside its discretion in making an inequitable property division. As explained in Part I, there is no valid property-division provision in the divorce judgment for this court to review. Our resolution of the wife’s first argument makes it unnecessary to address her second argument.
III.
Finally, the former wife argues that the trial court erred in not granting her a new trial on the property-division issue because, she says, the trial court based its findings solely on the testimony of the former husband. The former wife maintains that she did not offer a rebuttal to that testimony because, she says, she was unaware that a property-division determination was being made.
The record contains no transcript of the parties’ pretrial conference with the trial court in chambers and no transcript of the evidence presented at the divorce trial. There is nothing in the record to support the former wife’s assertions *1048 in her brief to this court that her filing of a bankruptcy petition was discussed in that conference or that “the only issues to be disposed of would be those not involving property as all parties were in agreement that [the trial court] lacked the jurisdiction to make a property settlement due to the [automatic stay issued in the former wife’s] bankruptcy [proceeding].”
“An appellate court does not presume error; the appellant has the affirmative duty of showing error. Perkins v. Perkins, 465 So.2d 414 (Ala.Civ.App.1984). Appellate review is limited to the record and cannot be altered by statements in briefs. Bechtel v. Crown Central Petroleum Corp., 451 So.2d 793 (Ala.1984). Error asserted on appeal must be affirmatively demonstrated by the record. If the record does not disclose the facts upon which the asserted error is based, the error may not be considered on appeal. Liberty Loan Corp. of Gadsden v. Williams, 406 So.2d 988 (Ala.Civ.App. 1981).”
Greer v. Greer, 624 So.2d 1076, 1077 (Ala. Civ.App.1993). Accordingly, the trial court’s order denying the former wife’s postjudgment motion is affirmed to the extent that the trial court refused to grant a new trial as to the property-division issues.

Conclusion

By dividing the parties’ property in its divorce judgment, the trial court violated the automatic stay that took effect upon the former wife’s filing a bankruptcy petition. The portion of the divorce judgment that purported to divide the parties’ property is void; further, the trial court erred in denying the former wife’s motion to vacate that portion of the divorce judgment. The trial court did not err in refusing to grant the former wife’s motion for a new trial as to the property-division issues.
JUDGMENT AFFIRMED IN PART AND VACATED IN PART; AND CAUSE REMANDED.
THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.